**Agnes GREEN, Petitioner,**

v.

**DEPARTMENT OF THE TREASURY, Respondent.**

No. 01–3128.

United States Court of Appeals, Federal Circuit.

June 29, 2001.

Before LOURIE, SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Agnes Green appeals from a final decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the Department of the Treasury's ("Agency") removal of Green. *Green v. Dep't of the Treasury,* No. NY–0752–98–0055–I–1 (March 15, 2000). Because the Board's affirmance of the Agency's removal of Green is supported by substantial evidence, we *affirm* the Board's decision.

## BACKGROUND

Green was an Office Automation Clerk, GS–04, at the Agency. She was removed effective October 17, 1997, based on charges of being absent without leave

("AWOL"), failure to request leave in accordance with established rules and/or procedures, misuse of government time, failure to follow a direct order, and causing dissention and discord in the workplace. *Green*, slip op. at 2. The removal notice cited ninety-three specifications supporting the AWOL charge, ninety-three specifications supporting Green's failure to follow established leave request procedures[1], forty-two specifications supporting the charge of misuse of government time, and four specifications of failure to follow a direct order. *Id.* In removing Green, the Agency also relied on her past disciplinary record, including a 10–day suspension for AWOL, insubordination, and failure to follow a direct order. *Id.*

On November 6, 1997, Green appealed the removal decision to the Board. The Board affirmed the Agency's action. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

### Standard of Review

Pursuant to 5 U.S.C. § 7703(c) (1994), we must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. *Chase–Baker v. Dep't of Justice*, 198 F.3d 843, 845 (Fed.Cir.1999). The burden of establishing reversible error in an administrative decision, such as the Board's, rests upon the petitioner. *Harris v. Dep't of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed.Cir.1998).

### Analysis

The agency has the burden of proving its charges by a preponderance of the evi-

dence. 5 U.S.C. § 7701(c)(1)(B) (1994). The Board found that the Agency had proved the following charges by a preponderance of the evidence: (1) AWOL; (2) failure to request leave in accordance with established rules and/or procedures; (3) failure to follow a direct order; and (4) causing dissention and discord in the workplace. Because the Board did not discuss the charge of misuse of government time, we assume that the Board found that the Agency had not met its burden as to this charge.

Following a hearing, the Board found that the Agency had proven eighty-nine of its specifications supporting the AWOL charge by a preponderance of the evidence. *Id.* at 9. The Board noted that Green had provided no evidence to support her testimony regarding these eighty-nine specifications. *Id.* Thus, the Board found that the Agency had proven its charge of AWOL. *Id.*

Regarding the charge of failure to follow established leave request procedures, the Board found a discrepancy between the testimony of Green and her supervisor, Roxanne DeMartino. *Id.* at 11. The Board credited the testimony of DeMartino, stating that Green had failed to call any witnesses or introduce any evidence to support a finding that she telephoned her supervisor every time she was absent. *Id.* at 12. Thus, the Board found that the Agency had proven its charge of failure to follow leave request procedures by a preponderance of the evidence. *Id.*

In her informal brief, Green alleges that "[t]he Agency knowingly [sic] allowed the manager to authorize fictitious documents alleging abusive behavior." While not entirely clear, we deem this allegation to apply to all four of the charges. However,

---

1. The ninety-three specifications supporting the charge of failure to follow leave procedures correspond to the ninety three specifi-

cation supporting the AWOL charge. *Green,* slip op. at 10.

regarding the allegation, we note that Green has provided us with no evidence that any documents were fictitious. We conclude that the Board's affirmance of the Agency's charges is supported by substantial evidence.

### Defenses

In her appeal to the Board, Green asserted the following defenses: (1) race discrimination; (2) reprisal for Equal Employment Opportunity ("EEO") activity; and (3) reprisal for whistleblowing activity. *Green,* slip op. at 2. She raises these same issues before this court.

■ Turning first to Green's discrimination defense, we note that this court does not possess jurisdiction over discrimination claims in an appeal to the Board from an adverse personnel action, coupled with an allegation that the action was based on prohibited discrimination. *Austin v. Merit Sys. Protection Bd.,* 136 F.3d 782, 784 (Fed.Cir.1998). Green has recognized this limitation to our jurisdiction and has waived any claim of discrimination before this court thereby vesting our court with jurisdiction to review the Board's final decision affirming the Agency's adverse personnel action.

Regarding Green's EEO activity reprisal defense, the Board found that Green had failed to prove a genuine nexus between the alleged retaliation and the adverse action. To establish a prima facie case of retaliation for filing a grievance (i.e., to come within the protections of 5 U.S.C. § 2302(b)(9)), Green bears the burden of showing that: (1) she engaged in a protected activity; (2) the accused official knew of the disclosure; (3) the adverse action under review could have been retaliation under the circumstances; and (4) there was a genuine nexus between the alleged retaliation and the adverse action. *See Webster v. Dep't of the Army,* 911 F.2d 679, 688–91 (Fed.Cir.1990).

■ Based on the evidence of record, the Board found that Green met the first three elements required to establish a prima facie case of retaliation for filing a grievance. *Green,* slip op. at 24. However, regarding the fourth element, establishing a genuine nexus, the Board stated that Green relied only upon circumstantial evidence to support her claim. Green urged the Board to draw an inference that retaliation occurred because DeMartino admitted that Green's promotion was the result of a grievance. *Id.* at 25. The Board was not persuaded that there was an objective basis for such a conclusion. *Id.* The Board then stated that such circumstantial evidence failed to persuade it that there was a genuine nexus between Green's grievance and her termination. *Id.* Because Green failed to establish nexus, the Board held that she had failed to prove her asserted defense of retaliation for filing her grievance. *Id.* On this record, we find no basis on which to conclude that the Board erred.

■ Regarding Green's whistleblowing defense, the Board held that Green had not made a protected disclosure under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) (1994). Green's alleged protected disclosures were the result of her grievance and EEO activity. The Board found that Green never indicated that she had made her alleged protected disclosures outside of the grievance or EEO process. *Green,* slip op. at 28. When disclosures alleged to be protected under 5 U.S.C. § 2302(b)(8) are solely the result of an employee's grievance and EEO activity, only 5 U.S.C. § 2302(b)(9) is implicated. *See Serrao v. Merit Sys. Prot. Bd.,* 95 F.3d 1569, 1576 (Fed.Cir.1996). Therefore, the Board held that Green failed to prove her asserted defense of retaliation for whistleblowing. *Id.* In view of the foregoing finding, which is sup-

ported by substantial evidence, we cannot say that the Board's holding as to this defense was contrary to law.

### Nexus and Penalty

Green also alleges that the penalty for removal was too harsh. *Green,* slip op. at 2. Having found that the Agency had proven its charges by a preponderance of the evidence, and that Green had failed to prove her asserted defenses, the Board then considered whether the agency had proven that removing Green promoted "the efficiency of the service" as required under 5 U.S.C. § 7513(a) (1994). *Green,* slip op. at 28. The Board found that removal of Green did in fact promote the efficiency of the service. *Id.* Green does not challenge this finding. However, Green does challenge the severity of her penalty. She alleges that she should have been reassigned rather than removed.

■ The determination of the proper disciplinary action to be taken to promote the efficiency of the service is a matter within the discretion of the agency. Deference is given to an agency's judgment unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or unless the penalty is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *Parker v. United States Postal Serv.,* 819 F.2d 1113, 1116 (Fed.Cir.1987) (internal citations omitted).

■ In reviewing the penalty imposed upon Green, the Board considered the testimony of Barry Pellner, the deciding official. *Green,* slip op. at 29. Pellner testified that the charges were serious and that Green's conduct had a major effect on office discipline and efficiency. *Id.* Pellner also stated that he saw no hope for rehabilitation because Green's conduct had not improved after a previous ten-day suspension. *Id.* at 30. Pellner testified that he took into account mitigating factors such

as Green's seven years of service and her problems with childcare. *Id.* Based on Pellner's testimony, the Board found that the Agency's decision to terminate Green for the charged conduct was not an abuse of discretion. *Id.* at 30–31. We cannot say that the Board's decision was in error.

### CONCLUSION

Because the Board's affirmance of the Agency's removal of Green was based on substantial evidence, was not contrary to law, and was not an abuse of discretion, we affirm the Board's decision.