**John W. LYNCH, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE,**
**Respondent.**

No. 01–3168.

United States Court of Appeals,
Federal Circuit.

Aug. 23, 2001.

Rehearing Denied Oct. 9, 2001.

Before MAYER, Chief Judge, RADER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

John W. Lynch petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the decision of the United States Postal Service ("Postal Service" or "agency") to remove him from his position as a City Letter Carrier because of his physical inability to perform the duties of that position. *Lynch v. United States Postal Serv.,* No. DE–0752–99–0319–I–1 (Merit Sys. Prot. Bd. Mar. 8, 2000). We *affirm* .

## DISCUSSION

### I.

Mr. Lynch was hired by the Postal Service in September of 1974. By 1977, he had sustained various on-the-job injuries and had been awarded Office of Workers' Compensation Program (OWCP) benefits. In May of 1985, he submitted an additional claim for OWCP benefits, and was placed on limited duty status pending resolution of the claim. When the claim was denied, he was placed on light duty status. In October of 1985, he remained unable to perform the duties of his position, City Letter Carrier, and was placed on non-duty status. In September of 1997, Mr. Lynch underwent a fitness-for-duty examination at the request of the Postal Service. As a result of the examination, it was determined that he was incapable of performing the essential duties of his position. On June 26, 1998, the Postal Service proposed removing Mr. Lynch because of his physical limitations. In response to Mr. Lynch's reply to the Notice of Proposed Removal, the Postal Service referred his case to its Reasonable Accommodation Committee ("RAC") to determine whether his medical restrictions could be accommodated in any vacant, funded position. When the RAC determined that Mr.

Lynch's condition could not be accommodated in any available position, the agency removed Mr. Lynch effective July 3, 1999.

Mr. Lynch appealed his removal to the Board. In an initial decision, the administrative judge ("AJ") to whom his case was assigned affirmed the removal. *Lynch,* slip op. at 1. The AJ noted that Mr. Lynch had not disputed that, with or without accommodation, he was incapable of performing the essential duties of his City Letter Carrier position. *Id.* at 4. The AJ determined that "the undisputed evidence" demonstrated that Mr. Lynch was not capable, with or without reasonable accommodation, of performing the essential duties of any other funded vacant position. *Id.* at 6. The AJ noted that the RAC had asked Mr. Lynch whether he believed that he was capable of performing, with or without accommodation, the duties of Distribution Clerk, Mark–Up Clerk, or Mail Processor, and that Mr. Lynch had been unable to explain the conditions under which he might be able to perform the duties of any of those positions. *Id.* The AJ also noted that Mr. Lynch had been offered a position that the RAC believed he could fill, but that Mr. Lynch had declined the position. *Id.* The AJ noted further that Mr. Lynch's supervisor had contacted other Postal Service facilities in an effort to find an available position suitable for Mr. Lynch, but had received only negative responses from the other facilities. *Id.* at 7. The AJ also rejected Mr. Lynch's claims that the Postal Service had discriminated against him because of his disability, race, sex and age.[1] *Id.* at 8–9. The AJ concluded that the agency's removal of Mr. Lynch was reasonable and promoted the efficiency of the service; he therefore sustained the action. The AJ's initial decision became the final decision of the Board

when Mr. Lynch did not file a petition for review with the full Board by April 12, 2000.

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703. The Board decision here is none of these.

Many of the AJ's findings were based on testimony presented at the hearing. *See, e.g.,* slip op. at 4, 6–7, 9. Because Mr. Lynch has not provided this court with a copy of the hearing transcript, we cannot review those findings. *See Gonzales v. Def. Logistics Agency,* 772 F.2d 887, 890 (Fed.Cir.1985).

Mr. Lynch asserts that much of the testimony relied on by the AJ was perjured; however, nothing in the record before us contradicts any of the findings that support the AJ's decision. In any event, the credibility determination inherent in an AJ's decision to credit a witness's testimony is virtually unreviewable on appeal. *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986).

Mr. Lynch argues that the Board failed to take his veteran's eligible status into account in violation of 5 C.F.R. § 7513 and 5 C .F.R. § 752.404; however, there is no evidence that the Postal Service, AJ, or Board failed to follow the procedures set forth in the statute and regulation.

Mr. Lynch emphasizes the fact that the Postal Service was able to accommodate

---

1. Mr. Lynch does not appeal this aspect of the Board's decision, nor could he because of our limited jurisdiction. *See Austin v. Merit Sys.*

*Prot. Bd.,* 136 F.3d 782, 784 (Fed.Cir.1998) (citing 5 U.S.C. § 7703(b)).

two other employees who had been injured. The AJ determined, however, that these employees were willing and able to perform the duties of the positions offered to them, whereas Mr. Lynch was not. *Lynch,* slip op. at 7. The AJ based this determination on the hearing testimony of Mr. Murray, who was Chairman of the RAC when it was reviewing Mr. Lynch's case. *Id.* As set forth above, because Mr. Lynch did not provide this court with a copy of the hearing transcript, we cannot review this aspect of the Board decision.

We have carefully considered the other arguments raised by Mr. Lynch, but none provide a basis for reversing the decision on appeal. Accordingly, the decision of the Board sustaining Mr. Lynch's removal is affirmed.

Each party shall bear its own costs.