NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3411

JOHN W. LYNCH,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  March 9, 2005

_____

Before MICHEL, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and LINN, <u>Circuit Judge</u>.

PER CURIAM.

John W. Lynch ("Lynch") petitions for review of a final decision of the Merit Systems Protection Board ("Board"), No. DE-3443-03-0447-I-1, dismissing Lynch's appeal of his claim under the Veterans Employment Opportunities Act of 1998 ("the Act") for failure to state a claim upon which relief could be granted.  Because the Board correctly dismissed Lynch's appeal, we <u>affirm</u>.

## BACKGROUND

On June 26, 1998, a Notice of Proposed Removal was issued to Lynch due to his physical inability to perform the essential duties of his position as a city letter carrier with the United States Postal Service ("Postal Service").  Lynch requested the Postal Service

accommodate him by assigning him to permanent light duty. Lynch was removed from his position effective April 9, 1999, after Lynch and the Postal Service were unable to reach an agreement on a light duty position Lynch could perform.

Lynch appealed his removal to the Board, which ultimately upheld his removal. Lynch appealed to this court, which also affirmed the Board's decision, Lynch v. U.S. Postal Serv., 17 Fed. Appx. 996 (Fed. Cir. 2001), and denied his petition for rehearing.

In November 1999, while the appeal of his removal was pending before the Board, Lynch attempted to bid on a position for Vehicle Operations and Maintenance Assistant at the Main Post Office in Sun City, Arizona ("the VOMA position"). Because Lynch had already been removed from the Postal Service, he was ineligible to bid on the VOMA position. The VOMA position was awarded to an incumbent Postal Service employee.

Lynch filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), challenging the Postal Service's decision not to select him for the VOMA position as discriminatory. The EEOC administrative judge issued a finding of no discrimination.

Lynch then filed an administrative veterans' preference complaint under the Act with the U.S. Department of Labor. Following an investigation, the Department of Labor found no violation of Lynch's veterans' preference rights. Lynch sought review of his veterans' preference claim by the Board. In its Initial Decision, the Board dismissed Lynch's claim, finding that Lynch had failed to state a claim upon which relief could be granted because he had failed to reference a law, rule or regulation regarding veterans'

preference which the Postal Service allegedly violated. The initial decision became final on July 2, 2004 when the full Board denied Lynch's petition for review.

Lynch appealed the Board's final order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## ANALYSIS

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Under the Act, certain veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1) (2000). The Act does not provide veterans an opportunity to compete for vacant positions for which the agency making the announcement will not accept applications from individuals outside its own workforce. The record evidence on appeal indicates that the VOMA position Lynch sought was a bid position only open to existing Postal Service employees. Lynch presented no argument or evidence to the Board that the Postal Service opened the VOMA position

04-3411                                    3

to candidates outside the Postal Service. Moreover, since Lynch had been removed from his position at the Postal Service in April 1999, prior to the Postal Service listing the VOMA position in November 1999, Lynch could not assert his veterans' preference rights under the Act. <u>See</u> 5 U.S.C. § 3304(f)(1) (2000).

We have reviewed Lynch's remaining arguments and find them to be without merit. Because Lynch can prove no set of facts in support of his claim which would entitle him to relief under the Act, we affirm the Board's dismissal of his appeal for failure to state a claim upon which relief can be granted.