**Melanie K. LAWSON, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 02–3354.

United States Court of Appeals, Federal Circuit.

DECIDED: Jan. 9, 2003.

Before RADER, SCHALL, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Melanie K. Lawson petitions for review of the final decision of the Merit Systems Protection Board ("MSPB" or "Board") that affirmed the reconsideration decision of the Office of Personnel Management ("OPM") dismissing her application for disability retirement under the Federal Employees' Retirement System ("FERS") as being untimely filed. *Lawson v. Office of Pers. Mgmt.*, No. DA–844E–01–0535–I–1, 92 M.S.P.R. 227, 2002 WL 1474158 (M.S.P.B. July 3, 2002). We *affirm*.

## DISCUSSION

### I.

Ms. Lawson was employed as a civilian employee with the Department of the Air Force ("agency") from April 12, 1993, until July 4, 1997, when she resigned from her position as a Training Technician at Dyess Air Force Base in Texas. On December 14, 2000, she filed an application for disability retirement with OPM.

Pursuant to 5 U.S.C. § 8453, an application for disability retirement under FERS must be filed with OPM before the employee separates from federal service or within one year thereafter. The one-year time limit will be waived, however, if the employee was mentally incompetent on the date of separation or within one year thereafter and if the application was filed with OPM within one year from the date of restoration of the employee to competency or the appointment of a fiduciary, whichever is earlier. 5 U.S.C. § 8453; 5 C.F.R. § 844.201(a)(4).

OPM initially approved Ms. Lawson's disability retirement application, but rescinded its initial approval and dismissed her application after it determined that Ms. Lawson had filed her application more than two years after the expiration of the one-year filing deadline set forth in section 8453. Ms. Lawson requested reconsideration. On May 24, 2001, OPM issued its reconsideration decision affirming its dismissal of Ms. Lawson's application as untimely filed. In so doing, OPM concluded that a waiver of the one-year filing deadline was not warranted because Ms. Lawson had failed to establish that she was mentally incompetent during the year immediately following her resignation from the agency.

Ms. Lawson timely appealed OPM's reconsideration decision to the Board. On October 17, 2001, based upon a review of the administrative record and a telephonic hearing, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision affirming OPM's reconsideration decision. The AJ ruled that Ms. Lawson had failed to establish that she was mentally incompetent at the time of separation or within one year thereafter, so as to warrant a waiver of the one-year filing deadline. The AJ's initial decision became the final decision of the Board on July 3, 2002, when the Board denied Ms. Lawson's petition of review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998). The decision of the Board in this case is none of these.

## III.

Before the Board, Ms. Lawson had the burden of establishing by a preponderance of the evidence that the one-year deadline for filing an application for disability retirement should be waived. 5 C.F.R. § 1201.56(a)(2). On appeal, Ms. Lawson does not challenge the Board's findings of fact, which clearly are supported by substantial evidence. Rather, she raises two procedural arguments. We address these contentions in turn.

■ First, Ms. Lawson asserts that several individuals were not allowed to testify on her behalf. Whether to allow a witness to testify at a Board hearing is within the discretion of the AJ. *Davis v. Office of Pers. Mgmt.*, 918 F.2d 944, 946 (Fed.Cir. 1990). We will not overturn a decision of the Board on the basis of a procedural error "unless an abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed.Cir. 1988). Although the AJ denied Ms. Lawson's witness request as far as certain individuals were concerned, she did allow her to present four witnesses. With respect to the other requested witnesses, the AJ noted that after an extended discussion, Ms. Lawson "withdrew her request for any other witnesses." Under these circumstances, we cannot say that the Board abused its discretion in excluding some of Ms. Lawson's witnesses.

■ Second, Ms. Lawson claims that the Board erred by denying her legal representation. Although the Board's initial decision does not discuss this issue, the AJ specifically dealt with this question in an August 24, 2001 telephonic status conference. The AJ summarized the content of this conference in a document entitled "Summary of Telephonic Status Conference." With respect to the legal representation question, the AJ stated:

> The appellant was also informed that, under the circumstances of her case, it did not appear that the Board was required to obtain representation for her pursuant to the guidelines set forth in *French v. Office of Personnel Management,* 37 M.S.P.R. 496, 499 (1988). She was advised, however, that if her appeal was unsuccessful, she could raise this issue in a petition for review. During this discussion, the appellant indicated that she may have found someone to represent her.

In *French,* the Board noted: "Neither the Board nor OPM has authority to appoint a paid conservator or counsel for Mr. French." 37 M.S.P.R. at 498 (footnote omitted). Continuing the Board stated:

> Lack of authority to appoint a representative is not equivalent, however, to a lack of authority to request representation *pro bono publico.* Government attorneys are specifically authorized by 18 U.S.C. § 205 to represent "any person who is the subject of ... personnel administration proceedings," if it is not inconsistent with their duties. Private attorneys may also render *pro bono* services in Board proceedings.

> In view of the court's finding that Mr. French is presently incompetent, our St.

Louis Regional Office is directed to make diligent efforts to obtain appropriate *pro bono* representation by counsel for Mr. French.

*Id.* at 499 (emphases in original) (footnote omitted). In this case, there is no evidence that at the time of the hearing, Ms. Lawson was mentally incompetent. Moreover, as noted above, Ms. Lawson indicated to the Board that "she may have found someone to represent her." Under these circumstances, we cannot say that the Board erred in denying her request for legal representation.

For the foregoing reasons, the final decision of the Board is affirmed.