NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3041

MELANIE K. LAWSON,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

_____

DECIDED: April 7, 2006

_____

Before RADER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

## DECISION

Melanie K. Lawson petitions for review of the final decision of the Merit Systems Protection Board ("Board") denying her petition for enforcement of a settlement agreement. Lawson v. Dep't of the Air Force, No. DA1221010724-C-1, slip op. (M.S.P.B. Sept. 13, 2005) ("Final Decision"). We affirm.

DISCUSSION

I.

Ms. Lawson was employed by the Department of the Air Force ("Air Force") as a Training Technician at Dyess Air Force Base in Texas from April of 1993 until her resignation in July of 1997. In October of 2000, she filed an application for disability retirement with the Office of Personnel Management ("OPM"), which was denied as untimely filed. Ms. Lawson appealed OPM's denial to the Board and then to this court. We affirmed OPM's denial. Lawson v. Office of Pers. Mgmt., 55 Fed. Appx. 909, 910 (Fed. Cir. 2003).

In the present enforcement action, Ms. Lawson alleges that the Air Force agreed to settle her disability retirement case and award her early retirement. Accordingly, she filed a petition for enforcement with the Board asking the Board to "accept appeal to award settlement reached with the Air Force in October 2000." The Board issued an "Order to Show Cause" in which it directed Ms. Lawson to produce a copy of the alleged settlement agreement by May 27, 2005. Lawson v. Dep't of the Air Force, No. DA1221010724-C-1, slip op. at 1 (M.S.P.B. May 17, 2005) ("Order to Show Cause").

When Ms. Lawson failed to produce a copy of the settlement agreement, the administrative judge ("AJ") to whom the case was assigned issued an initial decision denying Ms. Lawson's petition for enforcement. Lawson v. Dep't of the Air Force, No. DA122010724-C-1, slip op. at 1 (M.S.P.B. May 31, 2005) ("Initial Decision"). In the Initial Decision, the AJ noted that the Air Force acknowledged entering into settlement negotiations with Ms. Lawson during the course of her earlier action for disability retirement, but denied reaching an agreement with Ms. Lawson. Id. The AJ also noted

06-3041                                    2

that Ms. Lawson, as the party asserting a breach of a settlement agreement, had the burden of showing that the Air Force had not complied with the agreement. Id., slip op. at 2. The AJ found that Ms. Lawson did not meet her burden because she failed to produce a copy of the settlement agreement by the deadline set forth in the Order to Show Cause. Initial Decision, slip op. at 3. Under 5 C.F.R. § 1201.115(d), the Initial Decision became the final decision of the Board when the Board denied Ms. Lawson's petition for review. Final Decision, slip op. at 1-2. Ms. Lawson timely appealed the Board's final decision to this court. We have jurisdiction to review the final decision of the Board pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II.

On appeal, Ms. Lawson contends that the Air Force agreed to settle her claim for $17 million and that the Board erred by failing to consider this agreement. She also contends that, during the period of her employment, she was subject to discrimination and harassment and that the Board erred by failing to consider various statutes and regulations that she cited in support of that claim.

III.

We will uphold a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). The decision of the Board in this case is none of these.

With regard to Ms. Lawson's claim that a settlement agreement between her and the Air Force existed, we find that the Board properly dismissed her petition when she

failed to provide a copy of the agreement. The <u>Order to Show Cause</u> directed Ms. Lawson to produce a written copy of the alleged agreement. The Board properly dismissed Ms. Lawson's petition when she failed to comply with the <u>Order to Show Cause</u>. <u>See</u> <u>Mendoza v. Merit Sys. Prot. Bd.</u>, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc) ("A petitioner who ignores an order of the Administrative Judge does so at his or her peril.").

We must reject Ms. Lawson's claims that she suffered from discrimination and harassment. Aside from the fact that we have no jurisdiction to consider discrimination claims, <u>Austin v. Merit Sys. Prot. Bd.</u>, 136 F.3d 782, 784 (Fed. Cir. 1998), these claims have no relevance to the issue of whether there was a settlement agreement between Ms. Lawson and the Air Force. In any event, under any circumstance it would be improper for us to address these claims because Ms. Lawson did not raise them first before the Board. <u>See</u> <u>Bosley v. Merit Sys. Prot. Bd.</u>, 162 F.3d 665, 668 (Fed. Cir. 1998) ("A party in an MSPB proceeding must raise an issue before the administrative judge if the issue is to be preserved for review in this court. Thus, if the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.").

For the foregoing reasons, the final decision of the Board is affirmed.

Each party shall bear its own costs.