Nathaniel **WILLIAMS**, Petitioner,

v.

**UNITED STATES POSTAL SERVICE**, Respondent.

No. 92–3236.

United States Court of Appeals, Federal Circuit.

June 16, 1992.

Nathaniel Williams, pro se.

Lori J. Dym, U.S. Postal Service, Office of Labor Law, Stuart M. Gerson, Asst. Atty. Gen., Jesse L. Butler, Asst. General Counsel, Thomas W. Petersen, Attorney and David M. Cohen, Director, Dept. of Justice, Washington, D.C., submitted for respondent.

Before ARCHER, CLEVENGER, and RADER, Circuit Judges.

PER CURIAM.

Nathaniel Williams petitions for review of a Merit Systems Protection Board decision, Docket No. AT07528810245, 51 M.S.P.R. 186 (1991), dismissing as untimely his petition for review. On alternative grounds, this court affirms.

On January 25, 1988, the United States Postal Service removed Mr. Williams from his position as mailhandler.* Raising, among other arguments, a claim of discrimination, Mr. Williams appealed to the Merit Systems Protection Board. On May 11, 1988, the Administrative Judge affirmed the Postal Service's removal decision. The initial decision informed Mr. Williams of his appeal rights. Specifically, the decision stated that it would become final on June 15, 1988 unless Mr. Williams filed a petition for review or the Board reopened on its own motion. The decision also informed Mr. Williams that he could petition the Equal Employment Opportunity Commission (EEOC) to review a final decision. Alternatively, he could file suit contesting the final decision in a district court. *See Williams v. Department of Army*, 715

F.2d 1485, 1491 (Fed.Cir.1983). Finally, if he waived his discrimination claim, Mr. Williams could seek review of a final decision in this court. *See Daniels v. United States Postal Serv.*, 726 F.2d 723, 724 (Fed. Cir.1984).

Mr. Williams chose to petition the EEOC for review. On October 3, 1988, the EEOC concurred with the Board's final decision finding no discrimination. A statement of rights informed Mr. Williams of his right to file in a district court. He filed suit in the United States District Court for the Eastern District of North Carolina. The district court dismissed as untimely Mr. Williams' complaint. *Williams v. United States Postal Serv.*, No. 90–72–CRT–BR (E.D.N.C. Feb. 21, 1991). In an unpublished opinion, the United States Court of Appeals for the Fourth Circuit affirmed. *Williams v. United States Postal Serv.*, No. 91–7350 (4th Cir. Aug. 13, 1991) [940 F.2d 654 (Table) ].

On March 14, 1991, the Board received a document from Mr. Williams and treated it as a petition for review of the May 11, 1988 initial decision. The Board ordered Mr. Williams to show "good cause" for this late filing. *See* 5 C.F.R. § 1201.22(b)(c) (1992). Not finding good cause, on November 19, 1991, the Board dismissed Mr. Williams' petition because it was over two years late. Mr. Williams petitioned this court for review.

The Board's decision became final on June 15, 1988. Mr. Williams had not petitioned the Board for review. Mr. Williams instead petitioned the EEOC for review. At that point, Mr. Williams had no further right to petition the Board for review. After surrendering his right to appeal to the Board, Mr. Williams' attempts to show good cause for "untimeliness" were irrelevant. The Board decision was final; Mr. Williams had pursued his case in another agency.

When the EEOC concurred with the Board's finding of no discrimination, the

---

* Although there are conflicting dates in the record concerning when Williams was removed, the January 13, 1988 letter of removal states that his removal would "become effective January 25, 1988." For purposes of this appeal, the date is not relevant.

Board's decision became judicially reviewable. 5 U.S.C. § 7702(b)(5)(A) (1988). Mr. Williams sought judicial review in district court, the proper forum for review of Board decisions involving discrimination claims. *Romain v. Shear,* 799 F.2d 1416, 1420 n. 1 (9th Cir.1986), *cert. denied,* 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987). *See also* 5 U.S.C. § 7703(b)(2) (1988). Mr. Williams obtained judicial review of the Board's final decision from the district court and from the Fourth Circuit.

Therefore, when the Board received Mr. Williams' document in 1991, it was not a petition for review of an initial decision, untimely or otherwise. *See Williams v. Department of Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983). It instead requested review of a final Board decision on which all permissible appeals had already been exhausted. The Board properly dismissed this petition, but on the wrong grounds. The Board simply lacked jurisdiction to reopen a final and fully adjudicated decision.

AFFIRMED