Leroy T. AUSTIN, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 97–3036.

United States Court of Appeals, Federal Circuit.

Feb. 12, 1998.

Before MAYER, Chief Judge,* SCHALL, and BRYSON, Circuit Judges.

SCHALL, Circuit Judge.

Leroy T. Austin seeks review of the final decision of the Merit Systems Protection Board (Board), dismissing his petition for review for lack of jurisdiction. *See Austin v. United States Postal Serv.*, 72 M.S.P.R. 31, 34·(1996). Because we conclude that the Board had jurisdiction to consider the petition, we reverse and remand.

## BACKGROUND

### I.

This is a mixed case. A mixed case is an appeal to the Board from an adverse personnel action, coupled with an allegation that the action was based on prohibited discrimination. *See* 5 U.S.C. § 7702 (1994).[1] An employee may initiate a mixed case directly with the Board and seek a decision on both the appealable action and the discrimination claim. *See* 5 U.S.C. § 7702(a)(1). The review rights that follow the Board's disposition of a mixed case differ from an ordinary personnel case in that the employee may appeal to ·the Equal Employment Opportunity Commission (EEOC).

■ After an administrative judge (AJ) issues an initial decision in a mixed case and the initial decision becomes the final decision of the ‚Board, *see* 5 U.S.C. § 7701(e); 5 C.F.R. § 1201.113, the employee may file a petition for review with the EEOC. *See* 5 U.S.C. §§ 7701(e)(1), 7702(b); 5 C.F.R. § 1201.163. If the employee seeks review before the EEOC and the EEOC agrees to consider the decision, the EEOC can concur in the Board's final decision, or it can issue a new final decision.[2] *See* 5 U.S.C. § 7702(b). Once the EEOC concurs in a final decision of the Board, the decision becomes judicially reviewable in federal district court. *See* 5

Robert E. Bergman, Attorney, Warner Robins, GA, submitted on briefs for petitioner.

Sara B. Rearden, Attorney, Office of General Counsel, Merit Systems Protection Board, Washington, DC, argued for respondent. With her on the brief were Mary L. Jennings, General Counsel and Martha B. Schneider, Assistant General Counsel.

---

* Chief Judge Haldane Robert Mayer assumed the position of Chief Judge on December 25, 1997.

1. Unless otherwise indicated, all references are to the 1994 version of the United States Code and the 1997 version of the Code of Federal Regulations.

2. If the EEOC issues a new decision, it refers the case to the Board for further proceedings. *See* 5 U.S.C. § 7702(b)(5)(B).

U.S.C. § 7702(b)(5)(A). The Board then has no further jurisdiction to review the matter. *See Williams v. United States Postal Serv.*, 967 F.2d 577, 579 (Fed.Cir.1992).

An alternative that is not available in a mixed case is an appeal to this court. We are not empowered to decide discrimination claims in mixed cases. *See* 5 U.S.C. § 7703(b). If an individual wishes to appeal to this court from an unfavorable decision in a mixed case, he must abandon his discrimination claim and proceed before us solely with respect to the adverse personnel action. *See Daniels v. United States Postal Serv.*, 726 F.2d 723, 724 (Fed.Cir.1984). However, we do have authority to entertain an appeal in a case such as this, where the sole issue is whether the Board erred in dismissing a mixed case for lack of jurisdiction. *See King v. Lynch*, 21 F.3d 1084, 1089 (Fed.Cir.1994); *Ballentine v. Merit Sys. Protection Bd.*, 738 F.2d 1244, 1247–48 (Fed.Cir.1984).

## II.

The issue in this case is whether the Board has jurisdiction to review an AJ's initial decision when a petition for review is timely filed with the Board, but the EEOC issues a decision concurring in the initial decision before the Board acts on the petition. Insofar as they relate to the issue of the Board's jurisdiction, the underlying facts are not in dispute.

Effective June 20, 1995, Mr. Austin was removed from his position as a distribution clerk with the United States Postal Service (agency) in Valdosta, Georgia. *Austin*, 72 M.S.P.R. at 32. He appealed the removal to the Board, alleging, *inter alia*, that the agency had discriminated against him on the basis of race. *Id.* The case was assigned to an AJ who, on October 30, 1995, issued an initial decision affirming the removal action. *Id.* On December 1, 1995, Mr. Austin timely requested an enlargement of time for filing a petition for review with the Board. *See id.; see also* 5 C.F.R. §§ 1201.113(d), 1201.114(e). The enlargement request was granted, and Mr. Austin was informed that the initial decision would become the Board's final decision if he did not file a petition for review by December 29, 1995. *Austin*, 72 M.S.P.R. at 32.

On December 26, 1995, Mr. Austin's attorney mailed a petition for review to the Board. *Id.* at 33. However, the Board did not receive the document. *Id.* Also on December 26th, Mr. Austin's attorney petitioned the EEOC, asking it to review what was described as a final decision of the Board (but what was actually only the AJ's initial decision). *Id.* at 32–33. On February 2, 1996, the Clerk of the Board received notice from the EEOC that Mr. Austin had filed a petition for review with the EEOC. *Austin*, 72 M.S.P.R. at 32. Because the Board had not received Mr. Austin's petition for review, the Clerk of the Board believed that the AJ's initial decision of October 30th had by that time become the final decision of the Board. Consequently, on February 9, 1996, he forwarded a copy of the AJ's decision and the record in the case to the EEOC. *Id.*

On February 13, 1996, Mr. Austin's attorney sent a letter to the EEOC, stating that he had submitted a petition for review to the Board. *Id.* at 33. On June 4, however, the EEOC issued a final decision in which it concurred in the AJ's initial decision. *Id.* In its decision, the EEOC noted that although Mr. Austin claimed that he had filed a petition for review with the Board, there was no record of any such petition. *Austin*, 72 M.S.P.R. at 33.

After receiving the EEOC's decision, Mr. Austin's attorney filed a sworn statement with the Board in which he attested that he had timely filed a petition for review with the Board on December 26, 1995. *Id.* Faced with the sworn statement, the Board found that Mr. Austin had "timely filed a petition for review with the Board on December 26, 1995." *Id.* It nevertheless concluded that the EEOC's issuance of a final decision during the period when it appeared that Mr. Austin had decided to forego further proceedings before the Board deprived it of jurisdiction in the matter. *Id.* at 34. It therefore dismissed Mr. Austin's petition for review. *Id.* This appeal followed.

## DISCUSSION

### I.

 We may reverse a decision of the Board only if we conclude that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without following procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate a case is a question of law, which we review *de novo. See Forest v. Merit Sys. Protection Bd.*, 47 F.3d 409, 410 (Fed.Cir. 1995) (citing *Vesser v. Office of Personnel Management*, 29 F.3d 600, 603 (Fed.Cir. 1994)). The Board's jurisdiction is not plenary, but is limited to actions made appealable to it by law, rule, or regulation. *See* 5 U.S.C. § 7701(a); *see also Minor v. Merit Sys. Protection Bd.*, 819 F.2d 280, 282 (Fed.Cir.1987).

### II.

 The Board takes the position that once the EEOC issued its final decision, the Board was without power to consider Mr. Austin's petition for review, notwithstanding the fact that the petition was timely filed. In making this argument, the Board relies on *Williams v. United States Postal Service*, 967 F.2d 577, 578–79 (Fed.Cir.1992). In *Williams,* the appellant allowed the AJ's initial decision to become the final decision of the Board. Having done so, he sought review of the Board's final decision before the EEOC. Subsequently, he appealed the EEOC's adverse decision to a district court. Thereafter, he filed a petition for review with the Board. The Board dismissed the petition for review as untimely. On appeal, we affirmed the Board's decision. We did so, however, on different grounds than those relied upon by the Board. We stated that the Board's decision became final after Williams failed to file a petition for review and instead petitioned the EEOC for review. *See Williams,* 967 F.2d at 578. "At that point," we stated, "Mr. Williams had no further right to petition for review." *Id.* We further stated that when the EEOC concurred in the Board's finding of no discrimi-

nation, the Board's decision became judicially reviewable, citing 5 U.S.C. § 7702(b)(5)(A), and we noted Williams had sought such review, first in federal district court and thereafter in the United States Court of Appeals for the Fourth Circuit. *See Williams,* 967 F.2d at 578–79. "Therefore," we stated, "when the Board received Mr. Williams' document . . . , it was not a petition for review of an initial decision, untimely or otherwise." *Id.* at 579 (citing *Williams v. Department of the Army,* 715 F.2d 1485, 1491 (Fed.Cir. 1983)). We thus concluded that the petition "requested review of a final Board decision on which all permissible appeals had already been exhausted" and that the Board "simply lacked jurisdiction to reopen a final and fully adjudicated decision." *Id.*

The facts of this case are different from those in *Williams.* Most importantly, in this case, Mr. Austin timely filed a petition for review of the AJ's initial decision. By doing so, he did not allow the AJ's initial decision to become the final decision of the Board. *See* 5 U.S.C. § 7701(e)(1). Pursuant to 5 U.S.C. § 7702(b)(1), the appellant in a mixed case has the right, within thirty days after a final decision of the Board, to petition the EEOC to consider the Board's decision. However, such an appellant cannot request that the EEOC review what is merely an AJ's initial decision. *See* 5 U.S.C. §§ 7701(e), 7702(b)(1). In other words, the EEOC does not have jurisdiction to review an initial decision of an AJ, which is all that it had before it in this case. Thus, the EEOC's decision concurring in the AJ's initial decision was a nullity. *See Chertkov v. Office of Personnel Management,* 52 F.3d 961, 965 (Fed.Cir.1995) (citing *Ex parte McCardle,* 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868), for the proposition that when jurisdiction is lacking, "the only function remaining to the court is that of announcing the fact and dismissing the cause"); *see also D.L. Braughler Co. v. West,* 127 F.3d 1476, 1480 (Fed.Cir.1997) (Under the Contract Disputes Act of 1978, a contracting officer has no authority to issue a final decision on a submission that does not qualify as a claim; as a result, any subsequent proceedings on the submission have "no legal significance."). For that reason, the EEOC's decision could

not serve to prevent the Board from reviewing the AJ's initial decision. In short, the Board did have jurisdiction to consider Mr. Austin's petition for review.[3]

## CONCLUSION

For the foregoing reasons, we hold that the Board had jurisdiction over Mr. Austin's petition for review. Accordingly, the decision of the Board is reversed and the case is remanded to the Board so that it may consider the merits of the petition.

*REVERSED and REMANDED.*

---

**3.** The Board urges us to hold that the EEOC had jurisdiction to review the AJ's initial decision because "at the time Mr. Austin filed his petition for review with the EEOC, the EEOC had no indication that it had before it anything but a final decision of the Board which it had jurisdiction to review." The problem with the Board's argument is that it ignores the fact that the EEOC *did not* have before it a final decision of the Board. The jurisdictional issue in this case must turn on the facts, not on what the EEOC believed to be the facts, however reasonable that belief may have been. We may not extend the statutorily prescribed jurisdiction of the EEOC. The statute allows the EEOC to review final Board decisions, not initial decisions that may or may not appear to be final. If Congress had intended the approach advocated by the Board, it would have made that intention clear in the language of the statute. *See, e.g., Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988).