**Walter A. KRABICHLER, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3380.

United States Court of Appeals, Federal Circuit.

Feb. 8, 2002.

Before CLEVENGER, SCHALL and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Walter A. Krabichler ("Petitioner") seeks review of the final decision of the Merit Systems Protection Board ("the Board") dismissing his appeal for lack of jurisdiction. *Walter A. Krabichler v. Dep't Of Veterans Affairs*, No. NY–0752–01–0124–I–1, slip op. at 1, 2, 2001 WL 969166 (MSPB, Washington, D.C. Aug. 24, 2001). For the reasons stated below, we *affirm*.

## BACKGROUND

Petitioner was a maintenance foreman at the Veterans Affairs Hospital in Montrose, New York. Prior to November 17, 1998, he moved his residence from Peekskill, New York to Little River, South Carolina, his intended future retirement home. On November 17, 1998, he began to use part of his leave to relocate to South Carolina. On the first day of his leave, he fell and injured his back. On January 12, 1999, in anticipation of exhausting his leave, he requested 240 hours of advanced sick leave. On February 22, 1999, he was orally advised by the agency that his request had been rejected because advanced sick leave was unavailable until his total leave was exhausted. On the same day, he requested that his name be included in the voluntary leave donation pool. Later, apparently presuming that he would be charged with being absent without leave ("AWOL") because his leave was nearly exhausted, on April 20, 1999, he submitted an application for immediate retirement in order to avoid the negative impact on his retirement benefits from an AWOL charge.

On December 14, 1999, he filed a petition with the Equal Employment Opportunity Commission ("EEOC"). Petitioner claimed that: (1) he was discriminated

against by not receiving recognition for two suggestions he made in 1990 and 1991 which produced financial benefit for his work place, and (2) he was forced to request retirement on April 20, 1999. Subsequently, on September 25, 2000, he added the following claims to his petition, namely that: (3) prior to October 13, 1998, he was improperly requested to provide documentation of his temporary federal service to obtain credit from the service computation date; (4) his request for advanced sick leave was wrongly denied; and (5) his request to be included in the voluntary leave donation pool was ignored. In its final decision, the EEOC dismissed his petition for failure to state a claim. Further, the agency found that Petitioner failed to show good cause for not contacting the EEOC within the forty-five day time limit from the personnel action in question and the matters alleged to be discriminatory, that an extensive period of time had elapsed from the time he made the two suggestions for his work place, therefore the claim was barred by laches, and that he failed to show the relationship of his subsequently added claims to the ones first brought before the EEOC.

On January 18, 2001, Petitioner filed a petition with the Board alleging that his retirement was involuntary, and that he was discriminated against based on his national origin, minority status, age and his status as a former VA supervisor. The Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction. The AJ determined that Petitioner failed to show facts supporting the involuntariness of his retirement, and that the Board lacked jurisdiction over his allegations of discrimination in the absence of an otherwise appealable action. The Board subsequently denied Petitioner's request for review before the entire Board, because there was no new, previously unavailable evidence and that the AJ did not make

any legal error with respect to the decision. 5 CFR § 1201.115(d). As a result, the AJ's initial decision became final.

Petitioner filed an appeal to this court on October 4, 2001 contending that: (1) he was forced to retire involuntarily; (2) that he was discriminated against by not receiving recognition for his suggestions to improve his work place; (3) that he was not properly advised where to appeal the discrimination claims; and (4) that the EEOC failed to consider his response during its informal hearing.

## DISCUSSION

We have jurisdiction to entertain an appeal dismissed by the Board for lack of jurisdiction. *Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 784 (Fed.Cir.1998). However, our scope of review over decisions of the Board is limited by statute. We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

■■■■■ A decision to resign or retire is presumed to be voluntary. *Shoaf v. Dep't of Agric.* 260 F.3d 1336, 1340 (Fed.Cir. 2001). An employee who voluntarily resigns or retires has no right to appeal to the Board. *Id.* at 1340–41. The Board possesses jurisdiction over an appeal filed by an employee who has resigned or retired if the employee proves, by a preponderance of the evidence, that his or her resignation or retirement was involuntary and thus tantamount to a forced removal. *Id.* at 1341. That is, an involuntary resignation or retirement constitutes a con-

structive removal that is appealable to the Board. *Id.*

Petitioner has the burden to prove the involuntariness of his retirement. 5 C.F.R. § 1201.56(a)(2). To establish involuntariness on the basis of coercion, an employee must show that: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Shoaf,* 260 F.3d, at 1341. We apply an objective standard in considering whether an employee involuntarily resigned or retired. *Id.* at 1342. Under this standard, the employee must present allegations of facts, which, if proven, establish that a reasonable employee confronted with the same circumstances would feel coerced into retirement. *Id.* To objectively determine whether a reasonable person in the employee's position would have felt compelled to resign or retire, we must consider the totality of the circumstances. *Id.*

Petitioner's primary contention is that he was forced to retire because: (1) he did not receive any response to either his request for advanced sick leave or his request to be included in the voluntary leave donation pool; (2) the agency failed to show compassion or consideration for his unfortunate situation; and (3) he had to choose retirement to avoid being charged as AWOL. Despite the unfortunate nature of these contentions, they do not establish that the Board's decision was incorrect. First, the record evidence shows that Petitioner received an oral response from the agency that his request for advance sick leave was denied until he exhausted his annual leave. Second, there is no evidence in the record as to whether he requested advanced sick leave again when he used up his annual leave, whether he properly filed his request for participation in the voluntary leave donation pool, or whether he proved that he had a right to be included in the voluntary leave donation pool. Third, there is no record showing that the agency threatened to charge him as AWOL. Moreover, the fact that an employee has to choose among unpleasant alternatives such as retiring or being charged with AWOL, does not make his or her choice to retire involuntary. *Schultz v. United States Navy,* 810 F.2d 1133, 1136 (Fed.Cir.1987). In light of these considerations, we conclude that Petitioner failed to show that a reasonable person in his situation would have felt coerced to retire. Petitioner further argues that the EEOC and the Board did not consider the facts which he presented in his response to the EEOC. However, it is clear from the record that all the facts he presented were reviewed, and he failed to show that he provided additional facts in his response which were not considered by the EEOC or by the Board. The Board did not fail to consider any facts related to the jurisdiction issue and we find no error in the Board's decision.

Petitioner's other claims concerning discrimination are irrelevant. This court is not in a position to review his discrimination claim since it is without jurisdiction to review it. 5 U.S.C. § 7703(b).

For these reasons, the final decision of the Board is affirmed.

No costs.