**Richard C. BROWNLOW, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 01–3322.

United States Court of Appeals, Federal Circuit.

May 9, 2002.

Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.

RADER, Circuit Judge.

Richard C. Brownlow seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *Richard C. Brownlow v. United States Postal Serv.*, No. CH–0752–00–0748–I–1, 2001 WL 798599 (MSPB, D.C. Jun. 1, 2001). For the reasons stated below, this court *affirms*.

I.

Mr. Brownlow served as a letter carrier in the United States Postal Service's Logan Square Station in Chicago, Illinois. On August 31, 1997, the Postal Service removed Mr. Brownlow for misconduct.

Mr. Brownlow appealed his removal to the Merit Systems Protection Board (Board) and applied for disability retirement based on stress and depression.* The Postal Service rescinded Mr. Brownlow's removal under a settlement agreement requiring him to return to duty effective February 9, 1998. Mr. Brownlow requested a work transfer "because he believed he would be returning to a hostile work environment" in view of EEO (equal employment opportunity) complaints he had filed previously against his supervisor, Reynaldo Rueda. Mr. Rueda also had disciplined Mr. Brownlow various times for misconduct. Rather than returning to duty, Mr. Brownlow sought leave under the Federal and Medical Leave Act (FMLA). Mr. Brownlow did not provide required medical documentation to support his absence under FMLA. Therefore, on April 4, 1998, the Postal Service proposed his removal for being absent without leave (AWOL). On April 17, 1998, before the Postal Service made a final decision to remove him but after it denied his transfer, Mr. Brownlow resigned.

On June 20, 2000, Mr. Brownlow appealed to the Board alleging that his resignation was involuntary. In a November 2, 2000, initial decision, the Board found that Mr. Brownlow's resignation was voluntary and that the Board did not, therefore, have jurisdiction over his petition. On June 1, 2001, the full Board affirmed and entered its final decision.

## II.

This court has jurisdiction to entertain an appeal dismissed by the Board for lack of jurisdiction. *Austin v. Merit Sys. Prot. Bd.,* 136 F.3d 782, 784 (Fed.Cir.1998). This court's review over decisions of the

Board, however, is limited by statute. This court affirms the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998).

A decision to resign or retire is presumed voluntary. *Shoaf v. Dep't of Agric.,* 260 F.3d 1336, 1340 (Fed.Cir.2001). An employee who voluntarily resigns or retires has no right to appeal to the Board. *Id.* at 1340–41. The Board possesses jurisdiction over an appeal filed by an employee who has resigned or retired if the employee proves, by a preponderance of the evidence, that the resignation or retirement was involuntary and thus tantamount to a forced removal. *Id.* at 1341. In other words, an involuntary resignation or retirement constitutes a constructive removal that is appealable to the Board. *Id.*

Mr. Brownlow has the burden to prove that his retirement was involuntary. 5 C.F.R. § 1201.56(a)(2). To establish involuntariness due to coercion, an employee must show that: (1) the agency effectively imposed the terms of the employee's resignation or retirement; (2) the employee had no realistic alternative but to resign or retire; and (3) the employee's resignation or retirement was the result of improper acts by the agency. *Shoaf,* 260 F.3d at 1341. This court applies an objective standard in considering whether an employee involuntarily resigned or retired. *Id.* at 1342. Under this standard, the employee must allege facts, which, if proven, estab-

---

* Mr. Brownlow received treatment through the Postal Service's employee assistance program between August and December 1997 for stress allegedly caused by discrimination against him by his superiors.

lish that a reasonable employee confronted with the same circumstances would feel coerced into retirement. *Id.*

Mr. Brownlow makes the following allegations: (1) the Postal Service denied his request for leave under the FMLA in view of his mental health problems; (2) the Postal Service removed him improperly and then delayed paying his back pay and restoring his health insurance after rescinding that removal; and (3) the Postal Service denied his transfer request and demanded that he return to work under Mr. Rueda. These allegations do not show that the Board's decision was incorrect.

The record shows that the Postal Service gave Mr. Brownlow every opportunity to substantiate his request for FMLA leave with satisfactory medical documentation. Mr. Brownlow did not provide the required documentation. Morevor, the Postal Service's delay in restoring Mr. Brownlow's health insurance and in paying his back pay, without more, does not show coercion. The record does not demonstrate, for example, that the Postal Service's delay was unjustified. The record also does not show that Mr. Rueda in fact discriminated against or mistreated Mr. Brownlow, or that the disciplinary actions that he took were unjustified. This court perceives no coercion in the Postal Service's requirement that Mr. Brownlow work under a supervisor who previously had disciplined him. Finally, even if Mr. Brownlow had to choose among unpleasant alternatives such as retiring, being charged with AWOL, or returning to work for Mr. Rueda, these choices did not make his retirement involuntary. *Schultz v. United States Navy*, 810 F.2d 1133, 1136 (Fed.Cir.1987). In view of these considerations, this court concludes that Mr. Brownlow failed to show that a reasonable person in his situation would have felt coerced to retire. This court finds no error in the Board's decision.

For these reasons, this court affirms the final decision of the Board.