**Norman M. CHASE, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
**Respondent.**

No. 03–3185.

United States Court of Appeals, Federal Circuit.

Aug. 12, 2003.

Before MICHEL, CLEVENGER, and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Norman M. Chase appeals from the final order of the Merit Systems Protection Board, Docket No. DE–0752–02–0185–I–1, upholding the decision of the Department of Health and Human Services to suspend him for 30 days. We *affirm*.

## BACKGROUND

Mr. Chase is employed as a Clinical Nurse with the Indian Health Service, an agency within the Department of Health and Human Services ("HHS"). On October 18, 2001, HHS charged Mr. Chase with failing to demonstrate courtesy and consideration, and informed him that it proposed to suspend him for 30 days. The charge was based on his conduct on two occasions. The first, on June 28, 2001, involved an allegation that Mr. Chase spoke inappropriately in front of a patient and made the patient uncomfortable. HHS found that when Joan LaTray, a reception nurse at the facility where Mr. Chase worked, brought a patient and the patient's chart to Mr. Chase, he told her, in a loud voice, "Well put him in a room" and "would you do your job and put him in a room." The record contains the complaint filed by Ms. LaTray regarding the incident. HHS also relied on submissions, including a counseling report, by Mr. Chase's supervisor, Kathleen McGuire. Ms. McGuire agreed with Ms. LaTray that Mr. Chase's comments were inappropriate and that it was his responsibility to place the patient in a room. Mr. Chase did not dispute that the incident had occurred, but claimed that his statements were taken out of context.

The second incident occurred on August 15, 2001, and involved a report by another employee, Audrey Hoops, who complained that Mr. Chase was rude and discourteous to her during an interaction concerning whether a patient's chart should be left in the reception area or taken to the walk-in clinic area. According to Ms. Hoops, when she tried to leave a chart in the reception area, Mr. Chase told her the chart was supposed to go to the walk-in clinic. When Ms. Hoops explained the reason for bringing the chart to the reception area, Mr. Chase refused to accept her explanation, told her she was wrong, and said that she should know where the charts are to be placed. According to Ms. Hoops, Mr. Chase then grabbed the chart from her and threw it into a cart. Another staff member, Simone Leo, who witnessed the incident, reported that Mr. Chase would not listen to Ms. Hoops's explanation and that he argued with her and ultimately grabbed the chart from her hands and threw it into the cart. In her complaint to her supervisor, Ms. Hoops stated that she considered Mr. Chase to have been rude and argumentative and that she should not have to work under such stressful conditions. Mr. Chase's supervisor, Ms. McGuire, approached Mr. Chase about the incident; he did not deny that it occurred but he denied that he was discourteous or rude. Mr. Chase has argued that his supervisors solicited the complaints regarding those incidents.

Through the deciding official, Jaloo Zelonis, HHS issued a decision effecting the 30–day suspension, and Mr. Chase appealed to the Board. The administrative judge assigned to the case held a hearing at which he heard testimony from Mr. Chase and Ms. Zelonis. With respect to the August 15, 2001, incident, the administrative

judge also considered statements from Ms. Hoops, Ms. Leo, and Ms. McGuire. The administrative judge noted that Mr. Chase denied that he had been discourteous or rude during that incident but did not deny that the incident had occurred. After weighing the evidence, including statements submitted by Mr. Chase from other clinic staff members who were not present during the incident, the administrative judge concluded that a preponderance of the evidence supported the agency's conclusion that Mr. Chase had been discourteous on that occasion.

With respect to the June 28, 2001, incident, the administrative judge cited Ms. LaTray's written complaint, Ms. McGuire's counseling report, and testimony by Ms. Zelonis that she felt that Mr. Chase's remarks were discourteous and lacked regard for the patient. The administrative judge noted that Mr. Chase did not deny that the incident had occurred as described in HHS's letter of proposed action. Rather, Mr. Chase argued that it was inappropriate to penalize him based on a complaint that he contended was solicited by agency personnel. The administrative judge sustained the agency charge with respect to the incident and found that there was no evidence in the record supporting Mr. Chase's allegation that agency officials had solicited the employee complaints.

The administrative judge also considered an allegation of prohibited discrimination by Mr. Chase, in which he argued that the female staff members discriminated against him because he was the only male Native American clinical nurse in his work area. Mr. Chase argued that the agency further discriminated against him by refusing to accept his EEO complaint regarding the issue. While Mr. Chase is a member of a protected group, the administrative judge concluded that Mr. Chase had not presented any evidence of disparate treatment and thus had failed to establish a prima facie case of prohibited discrimination. The administrative judge noted that the record showed that Mr. Chase had filed an EEO complaint, but held that the agency's dismissal of that complaint does not establish that the action in this matter was based on prohibited discrimination. In sum, the administrative judge stated that Mr. Chase "has failed to present any credible evidence to show that he was discriminated against based on gender and race/national origin, or that he was treated in a disparate manner when the agency suspended him for 30 days." Moreover, the administrative judge concluded that there was a legitimate nondiscriminatory reason for the suspension.

Citing *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981), the administrative judge determined that the penalty of a 30–day suspension was appropriate and reasonable under the circumstances. Mr. Chase petitioned for review by the full Board, which denied the petition.

## DISCUSSION

### I

We must first address the issue of our jurisdiction. Mr. Chase argues to this court that he was "denied the right to file an informed EEO complaint" but that he has documentation that his EEO complaint was received by the local EEOC representative. The administrative judge treated Mr. Chase's allegation about the EEO complaint as both a claim of discrimination and a defense to the 30–day suspension.

This court does not have jurisdiction over mixed cases–cases in which the employee is both challenging an adverse personnel action and alleging that the action was based on prohibited discrimination.

*See Williams v. Dep't of the Army,* 715 F.2d 1485, 1491 (Fed.Cir.1983) (en banc); *Austin v. Merit Sys. Prot. Bd.,* 136 F.3d 782, 783 (Fed.Cir.1998). This court retains jurisdiction, however, if a petitioner abandons the discrimination issue, *Daniels v. United States Postal Serv.,* 726 F.2d 723 (Fed.Cir.1984), or if the petitioner presents only a frivolous allegation of discrimination, *Hill v. Dep't of the Air Force,* 796 F.2d 1469, 1470–71 (Fed.Cir.1986) (holding that a frivolous allegation of discrimination before the Board does not create a mixed case for purposes of appellate jurisdiction).

■ The administrative judge held that Mr. Chase had not established a prima facie case of discrimination. Mr. Chase has not challenged any aspect of the administrative judge's analysis of that issue. Indeed, Mr. Chase has not alleged facts that, even if proved, would establish a discrimination claim. We therefore conclude that Mr. Chase failed to present a nonfrivolous allegation of discrimination. As such, Mr. Chase's claim that he was denied the right to file "an informed EEO complaint" is insufficient to make this case a "mixed case" under 5 U.S.C. § 7702 and deprive this court of jurisdiction over his petition for review. In addition, we do not find grounds outside of a discrimination claim for reversing the suspension based on the agency's treatment of his EEO complaint.

## II

■ Mr. Chase argues that the administrative judge, in upholding the agency's charge of failure to demonstrate courtesy and consideration and the associated penalty, improperly relied on statements that were not made under oath. However, Mr. Chase has not referenced, nor are we aware of, any regulation specific to the Board that requires statements to be notarized or bars the Board from considering unsworn statements. We note that the Federal Rules of Evidence do not apply to Board proceedings, *see Yanopoulos v. Dep't of the Navy,* 796 F.2d 468, 471 (Fed. Cir.1986), and that the Board's administrative judges may base their decisions on hearsay evidence if that evidence is credible and probative, *see Yunus v. Dep't of Veterans Affairs,* 242 F.3d 1367, 1373 (Fed.Cir.2001); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1364 (Fed.Cir.1998); *Sanders v. United States Postal Serv.,* 801 F.2d 1328, 1331 (Fed.Cir. 1986) ("It is well established that hearsay evidence may be substantial evidence in an administrative proceeding if there are circumstances which give it credibility and probative value to a reasonable mind."). Mr. Chase has not shown that the hearsay statements considered by the administrative judge were unreliable or were outweighed by other evidence in the case. Accordingly, we conclude that the administrative judge did not err in considering the complainants' unsworn, out-of-court statements in assessing the agency's case against Mr. Chase.

Mr. Chase contends that "the material I presented was dismissed," but he has not identified any evidence that was overlooked or not considered by the Board. The administrative judge reviewed the unsworn statements submitted on behalf of Mr. Chase, which were essentially personal references from other personnel with whom he had worked. The administrative judge, however, appropriately assigned those statements minimal weight as they were not from individuals who were present at the time of the incidents in question and did not specifically address those incidents. With respect to evidence submitted by both parties, the administrative judge properly reviewed the statements and testimony, assessed their credibility and relevance in light of the appropriate factors,

weighed them accordingly, and found that the charges were proved by a preponderance of the evidence. We find no reversible error in the Board's consideration of the evidence before it.

### III

Mr. Chase also contends that his penalty was too severe for the offense. Our review of a penalty imposed by an agency is "highly deferential." *Webster v. Dep't of the Army,* 911 F.2d 679, 698 (Fed.Cir. 1990). We will overturn HHS's penalty determination only if it is "so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion." *O'Neill v. Dep't of Hous. & Urban Dev.,* 220 F.3d 1354, 1365 (Fed.Cir.2000). *See also Mazares v. Dep't of the Navy,* 302 F.3d 1382, 1386 (Fed.Cir.2002) ("Unless the penalty is totally unwarranted or grossly disproportionate to the misconduct, we will not overturn it.").

█ The administrative judge found that (1) Mr. Chase's offenses were sufficiently serious to justify the sanctions imposed; (2) his conduct adversely affected the efficiency of the agency's operations, in part because it caused coworkers to be reluctant to approach and depend on him; (3) his conduct affected the perception of the agency by those receiving services from it; (4) he was previously disciplined for failure to demonstrate courtesy and consideration to a patient, having been suspended for 5 days on January 24, 2000; and (5) he had been counseled and warned on numerous occasions about his inappropriate behavior. Both the agency and the administrative judge properly considered the relevant *Douglas* factors to evaluate whether the penalty was reasonable, including the quality and length of his 12-year service. Under the circumstances, we cannot say that the agency abused its discretion in imposing a 30-day suspension and we will not disturb the agency's decision to impose that penalty.