Pachala RIDER, Petitioner,

and

Myong S. Novak, Petitioner,

and

Lavora Kay Dickens, Petitioner,

and

Jeff R.L. Kaufman, Petitioner,

and

Gloria M. Baker Petitioner,

v.

DEPARTMENT OF DEFENSE,
Respondent.

No. 03–3207.

United States Court of Appeals,
Federal Circuit.

DECIDED: Nov. 7, 2003.

Before SCHALL, GAJARSA, and
PROST, Circuit Judges.

PER CURIAM.

Pachala Rider, Myong S. Novak, Lavora
Kay Dickens, Jeff R.L. Kaufman, and Glo-
ria M. Baker ("petitioners") petition for
review of the final decision of the Merit
Systems Protection Board ("MSPB" or
"Board") that dismissed for lack of juris-
diction their appeals of the action of the
Department of Defense ("agency") demot-
ing them from full-time to part-time em-
ployees as part of a reduction-in-force
("RIF"). *Rider, et.al. v. Dep't of Def.,* No.
DE–0351–03–0077–I–1 (M.S.P.B. Feb. 25,
2003). We *affirm.*

DISCUSSION

I.

At the time of the RIF, petitioners were
employed as full-time wage grade employ-
ees at the agency's Defense Commissary
Agency at Luke Air Force Base in Ari-
zona. In their positions, petitioners were
members of a bargaining unit. The bar-
gaining unit was covered by a collective
bargaining agreement that was effective
October 26, 1997: the Master Labor
Agreement between the agency and the
American Federation of Government Em-
ployees (the "Bargaining Agreement").

As part of the RIF, petitioners were demoted to part-time wage grade employees.

Petitioners appealed their demotions to the Board, where their appeals were consolidated. Subsequently, on January 21, 2003, the administrative judge ("AJ") to whom the case was assigned issued an initial decision dismissing the appeals for lack of jurisdiction. *Rider, et al. v. Dep't of Def.,* No. DE–0351–03–0077–I–1 (M.S.P.B. Jan. 21, 2003). The AJ held that the Board lacked jurisdiction because the negotiated grievance procedure in the Bargaining Agreement provided Petitioners an exclusive remedy with respect to the RIF. The AJ's initial decision became the final decision of the MSPB on February 25, 2003, when Petitioners did not petition the Board for review. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2003).

## II.

Our scope of review in an appeal from a decision of the MSPB is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2003); *see Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998). Whether the Board erred in dismissing an appeal for lack of jurisdiction presents a question of law that we review *de novo. See Austin v. Merit Sys. Prot. Bd.,* 136 F.3d 782, 784–86 (Fed. Cir.1998).

Pursuant to 5 U.S.C. § 7701(a) (2003), a government employee "may submit an appeal to the [MSPB] from any action which is appealable to the Board under any law, rule, or regulation." By regulation, an employee who has been demoted by a RIF action may appeal to the Board. *See* 5 C.F.R. § 351.901 (2003).

The ability of an employee to appeal a RIF action to the Board is affected, however, if the employee is covered by a collective bargaining agreement. Section 7121 of Title 5 states that a collective bargaining agreement shall provide procedures for the settlement of grievances and that, with exceptions not relevant to this case, such procedures shall be the "exclusive administrative procedures" for resolving grievances that fall within the coverage of the agreement. 5 U.S.C. § 7121(a)(1) (2003). The statute also states that a collective bargaining agreement may exclude any matter from the coverage of its procedures. *Id.* § 7121(a)(2).

As the AJ noted, Article 47 of the Bargaining Agreement provides that the Bargaining Agreement's negotiated grievance procedure is the exclusive procedure available to unit employees for the processing of grievances that fall within the scope of Article 47. Section 2a of Article 47 defines a grievance as any complaint by an employee "concerning any matter relating to the employment of the employee." Section 3 of Article 47 lists those matters that are excluded from the exclusive negotiated grievance procedure. RIF actions, including separations and demotions to a lower grade, are not included in the list. Article 47 makes it clear that the Bargaining Agreement provides the "exclusive administrative procedures" for resolving petitioners' complaints about the RIF and their resulting demotions. The AJ did not err in dismissing petitioners' appeals for lack of jurisdiction. *See Bonner v. Merit Sys. Prot. Bd.,* 781 F.2d 202, 206 (Fed.Cir. 1986) (holding that a RIF action was included in the negotiated grievance procedure under the collective bargaining agreement and consequently there was no jurisdiction before the Board).

Petitioners contend, however, that as far as RIF actions are concerned, the remedies of the Bargaining Agreement are not exclusive. In making this argument, they point to Section 3(k) of Article 47. Section 3(k) includes proposed disciplinary actions and adverse actions as matters excluded from the exclusive negotiated grievance procedure of the Bargaining Agreement. At the same time, Section 2 of Article 38 of the Bargaining Agreement defines an adverse action as "a removal, a suspension for more that 14 calendar days, a reduction in grade, or a reduction in pay." Finally, Section 5 of Article 38 states that "[a]dverse actions may be grieved or appealed to the [MSPB], but not both." Petitioners urge that RIF actions are adverse actions and that, consequently, they are outside the scope of the Bargaining Agreement. Thus, they assert, the Board has jurisdiction over their appeals under 5 U.S.C. § 7701(a).

Petitioners unsuccessfully raised this argument before the Board. Noting that the adverse action language of Article 38 is drawn directly from the procedures of the Civil Service Reform Act of 1978 relating to adverse actions, see 5 U.S.C. § 7511 (2003), the AJ pointed out that "[r]eduction-in-force actions are explicitly excluded from these adverse action procedures and are instead covered by 5 U.S.C. § 3501, *et seq.*" Accordingly, the AJ concluded, Article 38 of the Bargaining Agreement only applies to disciplinary and adverse actions and does not encompass actions taken pursuant to RIF procedures. She thus rejected petitioners' argument that their demotions were appealable to the Board because they constituted adverse actions. We see no error in the AJ's analysis. Quite simply, a RIF is not an adverse action. *See Huber v. Merit Sys. Prot. Bd.,* 793 F.2d 284, 286–87 (Fed.Cir.1986).

For the foregoing reasons, we affirm the final decision of the Board dismissing petitioners' appeals for lack of jurisdiction.