NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3001

DAMIAN FONSECA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  October 5, 2005

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON and GAJARSA, <u>Circuit Judges</u>.

MICHEL, <u>Chief Judge</u>.

Damian Fonseca petitions for review of the January 20, 2004 initial decision of the Administrative Judge ("AJ") dismissing for lack of jurisdiction his appeal to the Merit Systems Protection Board ("MSPB" or "Board"), in which he alleged that his March 12, 2003 resignation from the United States Postal Service ("Postal Service") was involuntary.  Docket No. NY-0752-03-0385-I-1.  The initial decision became the final decision of the Board on July 28, 2004, when the full Board denied his petition for review.  Because the Board decision was not (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence, we affirm.

## I. Background

Damian Fonseca was an employee of the Postal Service until March 12, 2003, at which time the agency processed his handwritten resignation letter. The letter said that he was "a slave of a very evil woman" and that he had "no choice but to resign". Although the letter did not so state, Mr. Fonseca's resignation immediately followed his arrest for domestic violence.

In July 2003, after learning that the charges would be dismissed, Mr. Fonseca sought reinstatement, which the Postal Service denied due to a hiring freeze. In August, Mr. Fonseca filed an appeal with the MSPB claiming that he resigned involuntarily due to misinformation and duress. Mr. Fonseca indicated that he resigned after a labor relations officer told him that his arrest would lead to termination of his employment.

The MSPB issued an Acknowledgement Order on August 22 and scheduled a hearing for November 17, 2003. Then, on September 22, Mr. Fonseca submitted an "Objection to Motion to Dismiss", in which he again claimed that he resigned due to misinformation and duress. On September 29, apparently in response to this Motion, the Board issued a second Acknowledgement Order.[1]

---

[1] Although the Board's issuance of two case numbers in this appeal is unusual, both the initial decision and the Final Order reference NY-0752-03-0385-I-1, which is the only matter appealed here. The record does not indicate what became of the initial matter, NY-0752-03-0360-I-1. Mr. Fonseca claims that he was prejudiced because a hearing had been scheduled in the initial matter. We disagree. Because Mr. Fonseca did not offer evidence to support his allegation of involuntary resignation, he was not entitled to a hearing.

On October 14, the AJ ordered Mr. Fonseca to submit factual evidence proving that MSPB jurisdiction was proper. Mr. Fonseca did not respond and, as a result, the November 17 hearing was cancelled. On January 20, 2004, the AJ issued an initial ruling dismissing Mr. Fonseca's claim for failure to make a non-frivolous allegation, supported by evidence, that the Board had jurisdiction.

Two days later, Mr. Fonseca submitted another "Opposition to Motion to Dismiss", in which he first mentioned diagnoses of depression and post-traumatic stress disorder ("PTSD"). Because the initial ruling had already been issued, the MSPB treated Mr. Fonseca's filing as a petition for review to the full Board. On February 24, Mr. Fonseca filed a sworn statement in which he explicitly stated that his resignation was involuntary due to "mental incapacity". He did not offer any supporting factual evidence. Moreover, he offered no explanation as to why this claim was not introduced earlier.

On July 28, 2004, the full Board denied Mr. Fonseca's petition for review. This appeal followed.

## II. Discussion

This court has exclusive jurisdiction to entertain an appeal dismissed by the Board for lack of jurisdiction. 28 U.S.C. § 1295(a)(9) (2000); Austin v. MSPB, 136 F.3d 782, 784 (Fed. Cir. 1998). Board jurisdiction is a question of law that we review *de novo.* Serrao v. MSPB, 95 F.3d 1569, 1573 (Fed. Cir. 1996). We affirm a decision of the Board unless the petitioner establishes that it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures

required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence.  5 U.S.C. § 7703(c) (2000).

In his initial appeal, Mr. Fonseca made an unsupported allegation that his resignation was involuntary due to misinformation and duress.  Because he did not submit supporting evidence with his initial appeal, and did not respond to the AJ's October 14 order requiring him to do so, the AJ's dismissal of the misinformation claim for lack of jurisdiction was proper.

Mr. Fonseca also argues that the AJ and the full Board failed to consider evidence that he was mentally incapacitated on the date of his resignation.  As part of the administrative record, Mr. Fonseca submitted a July 10, 2003 letter to the Postal Service which contained an unsupported statement that he resigned on an "involuntary impulse" due to depression and PTSD.  He also submitted a record of his post-resignation May 2003 hospitalization.  However, Mr. Fonseca did not assert any link between his resignation and his subsequent hospitalization.  Moreover, the hospitalization records indicate only that Mr. Fonseca was suffering from PTSD and depression during the period of hospitalization.[2]  In essence, then, Mr. Fonseca argues that the AJ should have inferred a claim of mental incapacity, and should have deemed the evidence sufficient to require a jurisdictional hearing.  We reject this argument.  The

---

[2]     Although the July 10 letter indicated that Mr. Fonseca had been seeing Dr. Iris Tous for depression in February and March, i.e. at the time of resignation, Mr. Fonseca offered no evidence from Dr. Tous attesting to his mental capacity at that time.

AJ is a finder of fact, not an advocate; we do not expect him to raise additional claims *sua sponte*, particularly where, as here, a petitioner is represented by a third party.[3]

Mr. Fonseca's first claim of mental incapacity was not made until January 22, 2004--after the initial decision was issued. Consequently, the MSPB treated this submission as a petition for review to the full Board. An issue introduced for the first time to the full Board is deemed waived. Bosley v MSPB, 162 F.3d 665, 668 (Fed. Cir. 1998); Meglio v. MSPB, 758 F.2d 1576, 1577 (Fed. Cir. 1984) ("Where petitioner fails to frame an issue before the presiding official and belatedly attempts to raise that same issue before the full board, and the board properly denies review of the initial decision, petitioner will not be heard for the first time on that issue in the Federal Circuit."). The Board may, however, reconsider a decision where there is "new and material evidence" that "was not available when the record closed." 5 C.F.R. § 1201.115(d)(1). The Board has declined to admit medical documentation as "new" evidence if it was available previously. Duvall-Little v. Dep't of the Navy, 89 M.S.P.R. 416, 424 (2001). The records for Mr. Fonseca's June-July 2002 and May 2003 hospital visits unquestionably were available at the time his petition was filed. Likewise, although Dr. Cabrera did not evaluate Mr. Fonseca until March 2004, it was not impossible for Mr. Fonseca to be evaluated by any doctor before that date.

---

[3] Mr. Fonseca also argues that his non-lawyer representative was ineffective. We dismiss this argument out of hand. Board regulations permit an employee to be represented by a third party, including a non-lawyer, so long as that representative is "willing and available." 5 C.F.R. § 1201.31(b). Our predecessor court has ruled that non-lawyer representatives, even those who may be inadequate and ineffective, fulfill an employee's due process requirements. Mosely v. Navy, 229 Ct. Cl. 718 (1981).

Alternatively, 5 C.F.R. § 1201.12 permits a presiding official to waive a Board regulation--e.g. § 1201.24(9)(b), which sets the time limit for an appellant to raise all claims--upon a showing of "good cause." The bar for establishing good cause for delay due to mental incapacity is higher where, as here, a claimant is represented by a third party. In that case, the Board requires the claimant to establish that he was incapable of acting <u>and</u> of <u>authorizing his representative to act</u> during the period of delay. <u>Alonzo v. Dep't of the Air Force</u>, 4 M.S.P.R. 180, 184 (1980). Mr. Fonseca does not submit any evidence to show that he was mentally incapacitated during the MSPB proceedings. Moreover, Mr. Fonseca's own counsel states that Mr. Fonseca's degree of impairment diminished significantly after his hospitalization in May 2003. Thus, we are not persuaded that the Board erred in failing to consider Mr. Fonseca's claim of mental incapacity.

Mr. Fonseca has failed to submit any evidence in support of his claim of misinformation and duress, and has failed to prove that the claim of mental incapacity was "new evidence" or was offered late for good cause. Therefore, the decision of the Board to dismiss Mr. Fonseca's appeal for lack of jurisdiction is affirmed.