NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRENT SENTER,**
*Petitioner*

**v.**

**DEPARTMENT OF ENERGY,**
*Respondent*

---

2025-1304

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-20-0434-I-1.

---

Decided:  November 21, 2025

---

TRENT SENTER, Clemmons, NC, pro se.

ALEXANDER BREWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before TARANTO, SCHALL, and STARK, *Circuit Judges*.

PER CURIAM.

Trent Senter was employed by the Department of Energy ("DOE") as a Nuclear Material Courier ("NMC") until his removal on June 10, 2020, for failure to meet a condition of employment. S'Appx 9-10.[1] NMCs are required by DOE to pass semi-annual physical fitness examinations. S'Appx 9. Mr. Senter failed such an examination, as well as a subsequent re-examination, and was therefore removed from his position. S'Appx 9-10. Mr. Senter appealed his removal to the Merit Systems Protection Board ("Board"), which ultimately affirmed the removal and rejected Mr. Senter's affirmative defenses. S'Appx 2, 8. Mr. Senter now appeals to us. For the following reasons, we affirm.

I

The facts of this case are undisputed. S'Appx 9. At the time of Mr. Senter's removal, NMCs at DOE were required, as a condition of their employment, to meet "physical fitness qualifications and . . . pass a semi-annual physical fitness qualification test[]." *Id.* The semi-annual test included a one-mile run, which had to be completed within 8 minutes and 30 seconds, followed within one hour by a 40-yard prone-to-running dash, which had to be completed within 8.0 seconds. On March 3, 2020, Mr. Senter failed one such test by running a mile in a time of 8 minutes and 41 seconds. In a retest a month later, on April 2, 2020, he again failed, running a mile in 8 minutes and 38 seconds.

On April 29, 2020, Mr. Senter received a Notice of Proposed Removal, charging that he had failed to maintain a condition of employment, "namely, the maintenance of established physical fitness qualifications and the successful completion of semi-annual physical fitness qualification testing." S'Appx 9. Mr. Senter responded to the notice by

---

[1] "S'Appx" refers to the government's Informal Supplemental Appendix, ECF No. 14.

alleging that DOE was required by Office of Personnel Management ('OPM') regulation to waive the timed one-mile run component of the physical fitness qualification testing. S'Appx 10. DOE disagreed, and on June 10, 2020 Mr. Senter was removed from his position.

On July 10, 2020, Mr. Senter filed an Individual Right of Action ("IRA") appeal seeking reversal of his removal. Mr. Senter contended reversal was required because DOE: (i) discriminated against him on the basis of a physical disability by denying him the reasonable accommodation of waiving the physical fitness requirement for the one-mile run; (ii) violated 5 C.F.R. § 339.204(a) by not waiving the physical fitness requirements; and (iii) further violated 5 C.F.R. § 339.204 by not conducting an "actual comparison" between the requirements of an NMC and Mr. Senter's ability to perform the role. S'Appx 10-11, 13-14, 16.

An Administrative Judge ("AJ") determined that DOE proved by preponderant evidence that Mr. Senter failed to maintain a condition of employment and that his removal was reasonable and promoted the efficiency of service. The AJ further found Mr. Senter failed to show DOE did not accommodate a disability or that its decision regarding his waiver request was not in accordance with law or was otherwise procedurally flawed. The AJ therefore sustained Mr. Senter's removal.

Mr. Senter appealed to the Board, which denied his petition. The initial decision of the AJ therefore became the Board's final decision on October 16, 2024. Mr. Senter timely appealed.

II

In front of the Board, Mr. Senter's allegations included a claim of discrimination on the basis of disability, which makes his case a "mixed" case. *See Williams v. Dept. of Army*, 715 F.2d 1485, 1488 (Fed. Cir. 1983); *see also* S'Appx 41-44. This court is "not empowered to decide

discrimination claims in mixed cases." *Austin v. Merit Sys. Prot. Bd.*, 136 F.3d 782, 784 (Fed. Cir. 1998) (citing 5 U.S.C. § 7703(b)). "If an individual wishes to appeal to this court from an unfavorable decision in a mixed case, he must abandon his discrimination claim and proceed before us solely with respect to the adverse personnel action." *Id.*

Mr. Senter filed a Form 10 Statement Concerning Discrimination on December 27, 2024 ("Form 10"). On this Form 10, he mistakenly indicated that he had not argued at the Board that the "adverse employment action" he is challenging was attributable to discrimination on the basis of "race, color, religion, sex, age, national origin, or handicapping condition." ECF No. 5. Because, in fact, Mr. Senter had argued discrimination at the Board, *see, e.g.*, S'Appx 42 (alleging "it is a form of discrimination to fail to provide a reasonable accommodation unless [the] covered entity can demonstrate that an accommodation would impose an undue hardship") (internal quotation marks omitted); S'Appx 10 (Board recognizing "also at issue is whether the agency's action was the result [of] . . . disability discrimination"), and he had not clearly indicated on his Form 10 whether he wished to abandon those discrimination claims, we ordered him to submit an amended form. He did so on October 30, 2025.

In his amended Form 10, Mr. Senter clearly indicated his intent to waive any discrimination claim he may have pursued at the Board, by stating the following in an addendum to the form: "Trent Senter, states that to the extent the Court concludes that he did in fact argue discrimination before the Board, Mr. Senter wishes to abandon those discrimination claims and only pursue civil-service claims in the Federal Circuit rather than pursuing discrimination claims and civil-service claims together in district court." ECF No. 21 at 4.

Therefore, we have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9) to hear Mr.

Senter's civil-service claims.  We thus consider only Mr. Senter's allegations that DOE erred in reviewing his waiver request, that this error constituted "harmful error," and that DOE's ultimate rejection of his waiver request was "not in accordance with law."  5 U.S.C. §§ 7701(c)(2)(A), (c)(2)(C).  We address each argument in turn.

## III

"We review the Board's interpretation of a statute de novo . . . and the Board's factual determinations for substantial evidence."  *Sistek. v. Dept. of Veterans Affairs*, 955 F.3d 948, 953 (Fed. Cir. 2020) (internal citation omitted). We must affirm the Board unless its decision was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).

Mr. Senter first argues that the Board erred in failing to rule that the waiver provisions of 5 C.F.R. § 339.204 were applicable to DOE's physical fitness requirements for NMCs.  As to this issue, however, Mr. Senter cannot claim harmful error because the AJ explicitly determined that, even assuming the waiver provision did apply to the physical fitness requirements, the DOE did not err in its application of the waiver provision to Mr. Senter.  *See* S'Appx 15 ("However, assuming the waiver provision applies to the fitness requirement at issue here, I find the appellant has not shown by preponderant evidence the agency erred in its application."); *see also Ward v. United States Postal Serv.*, 634 F.3d 1274, 1282 (Fed. Cir. 2011) ("The focus of a harmless error analysis, however, is the *agency* and whether the *agency* is likely to have reached a different conclusion in the absence of procedural error.") (emphasis in original).

The AJ based this decision on her finding that Mr. Senter failed to provide sufficient evidence establishing

that he could perform the essential duties of his position without endangering the health and safety of himself or others, which is a requirement in order to obtain a waiver under § 339.204. This determination is supported by substantial evidence, namely, the analysis of the removing official, Director Trinidad Sanchez, that an "NMC that is not physically ready and able to complete the mission is a liability to the mission" and "[i]ndividuals that are not physically fit cannot perform the essential duties of the position in a manner that assures the safety and security of our nuclear assets and personnel." S'Appx 17. In disputing this finding, Mr. Senter provides "successful performance appraisals for 2016, 2017, 2018, and 2019." S'Appx 15. However, as the AJ found, those "appraisals do not shed light on whether [Mr. Senter] can safely perform the full range of the essential duties of his position without satisfying minimum fitness requirements." *Id.* Substantial evidence thus supports the Board's finding that Mr. Senter failed to prove he was entitled to waiver of the physical fitness requirement under 5 C.F.R. § 339.204.

Nor can Mr. Senter show that DOE's rejection of his waiver request was not in accordance with the law. DOE considered Mr. Senter's waiver request and found it was "not applicable in this circumstance" given his failure to show entitlement to a waiver. S'Appx 16-17 (discussing particularities of the NMC role and why failure to maintain physical fitness results in inability to perform that role). There is nothing unlawful in either this analysis or conclusion.

Finally, even assuming Mr. Senter is correct that the waiver provision applies to the NMC physical fitness requirements and that DOE erred in not making an "actual comparison" between the NMC role requirements and his ability to perform those requirements, Mr. Senter cannot establish harmful error. He has failed to show that DOE, even if it proceeded exactly as he requests, was "likely to

have reached a different conclusion" regarding his entitlement to a waiver.  *Ward*, 634 F.3d at 1282

## IV

We have considered Mr. Senter's remaining arguments and find them unpersuasive.  Accordingly, we affirm the judgment of the Board.

**AFFIRMED**

COSTS

No costs.