**Ralph N. YOUNGER, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 03–3332.

United States Court of Appeals, Federal Circuit.

Feb. 9, 2004.

Before LOURIE, LINN, and PROST, Circuit Judges.

PER CURIAM.

Ralph N. Younger ("Younger") seeks review of a final decision of the Merit Systems Protection Board ("Board"), affirming a decision of the Department of Veterans Affairs ("agency") to remove him from his position as a Food Service Worker because of his physical inability to perform the duties of that position. *See Younger v. Dep't of Veterans Affairs,* No. SF–0752–02–0373–I–1, 94 M.S.P.R. 487 (M.S.P.B. Aug.15, 2002) (initial decision) (*"Younger"*). Because the Board's decision was supported by substantial evidence and was not arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with the law, we *affirm.*

## BACKGROUND

Younger was employed by the agency as a Food Service Worker in the Food and Nutrition Service of the West Los Angeles VA Medical Center since 1994, eventually being promoted to Food Service Worker, WG–3, in 1996. Since 1996, Younger complained of chronic low back pain, diagnosed in 1998 and 1999 as a multi-level degenerative disk disease, spinal canal stenosis, and chronic radiulopathy. *Younger* at 2. In a progress note dated March 12, 2001, Younger's physician recommended that Younger be placed on light duty to prevent aggravation of his symptoms. *Id.* On April 25, 2001, the agency issued a formal letter to Younger, advising him of the specific medical documentation necessary in order to assess the extent of his disability and consider his request for accommoda-

tion. *Id.* at 3. Younger was given until June 4, 2001, to provide the necessary information, and was placed on light duty in the interim. *Id.*

Younger then submitted a medical report, dated June 22, 2001, recommending that Younger continue on "active light duty consisting of no pulling/pushing heavy carts, or lifting of greater than 10lbs, nor prolonged standing." The physician also opined that Younger was a "high risk candidate for a return to a physical type of work," and that Younger should elect "a sedentary job accommodation or consider retirement if he qualifies." *Id.* at 3–4.

In a memorandum to labor relations dated August 15, 2001, Ms. Roberts, Chief of Food and Nutrition Service, stated that the agency had reviewed Younger's medical documentation, and had concluded that he was not able to perform the essential duties of the Food Service Worker position. In particular, Younger was unable to twist and turn, lift more than ten pounds, and stand for prolonged periods, all essential to the nature of his duties. *Id.* at 4. Ms. Roberts also stated that there were no WG–3 positions in the food service that would accommodate Younger, and recommended that the agency conduct a search of sedentary positions. *Id.* at 4–5.

On August 20, 2001, Younger was requested to provide more information regarding his medical limitation of "no prolonged standing." Younger was provided with a work capacity evaluation form, noting on the supervisor's portion of the form that the usual work requirements for Younger's position required nine hours of continuous standing and two hours each of intermittent bending, stooping, and twisting per day. *Id.* at 5. Although the physician who completed the form indicated that Younger could perform his regular duties full time, the physician more specifically

indicated that Younger could stand only intermittently for three to four hours per day, stoop or twist for only one to two hours per day, and could not bend at all. *Id.*

On November 22, 2001, notice was sent to Younger proposing his removal from his position due to his physical inability to perform the essential functions of his position. *Id.* The agency considered Younger's oral response to his proposed removal, and affirmed Younger's removal on March 15, 2002, effective March 22, 2002. *Id.* Younger appealed the agency removal to the Board on April 17, 2002.

Following a hearing on July 9, 2002, the Board affirmed the agency's removal of Younger on August 15, 2002. *Id.* at 14. In particular, the Board found that the agency had met its burden of proving a nexus between Younger's physical condition and deficiency in the performance of his job, and that medical evidence established Younger's physical inability to perform the essential functions of his position. *Id.* at 9–10. The Board also made additional findings that the agency did not violate its duty pursuant to the Rehabilitation Act to accommodate Younger because he was not a "qualified disabled employee," pursuant to 29 C.F.R. § 1614.203(a)(6). *Id.* at 10–11. The Board also rejected Younger's discrimination claims based on age, sex, and disability. *Id.* at 12–13.[1]

On September 19, 2002, Younger filed a petition for review of the initial decision of the Board. On August 28, 2003, the Board issued its final order, affirming the initial decision. *Younger v. Dep't of Veterans Affairs*, No. SF–0752–02–0373–I–1, 94 M.S.P.R. 487 (M.S.P.B. Aug.28, 2003) (final order). Younger timely appeals to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703.

## DISCUSSION

We must affirm a decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

Younger makes four arguments on appeal: (1) that the Board misapprehended the evidence set forth in the work capacity evaluation form; (2) that the Board failed to consider Younger's light-duty assignment as an accommodation attempt; (3) that the Board's decision is based on the offer and refusal of part-time accommodation and/or the transfer from an eight-hour workday to a nine-hour workday, neither of which is supported by substantial evidence; and (4) that Younger is entitled to relief under the Vietnam Era Readjustment Assistance Act and/or the Veterans Employment Opportunity Act. We consider these arguments in turn.

With respect to the work capacity evaluation form, Younger contends that the Board overlooked the physician's indication, at item 13 on the form, that he is able to perform his regular work full-time. Although Younger correctly observes the information provided by item 13, that item cannot be reconciled with the more specific information provided on the rest of the form. For example, item 14 specifically lists the limits of Younger's capabilities, which are far less than the essential job

---

1. Younger does not appeal this aspect of the Board's decision, nor could he, because of our limited jurisdiction. *See Austin v. Merit* *Sys. Prot. Bd.*, 136 F.3d 782, 784 (Fed.Cir. 1998) (citing 5 U.S.C. § 7703(b)).

functions required as listed in item 5. Thus, while there is arguably some evidence favoring Younger, there is substantial evidence supporting the agency's removal. Under the substantial evidence standard, we "will not overturn an agency decision if it is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Jacobs v. Dep't of Justice,* 35 F.3d 1543, 1546 (Fed.Cir.1994) (internal quotation marks omitted). Here there is ample evidence to support the Board's decision.

With respect to Younger's contentions that the Board failed to consider accommodation efforts, he first asserts that he performed the same duties from 1994 until July 2001, with the exception of pushing and pulling a food cart. The Board, however, found that Younger was placed on light duty in April 2001. Assignment to permanent light duty cannot constitute a reasonable accommodation, because an agency is not obligated to assign him to limited-duty tasks that do not constitute a complete and separate position. *See, e.g., Marino v. Office of Pers. Mgmt.,* 243 F.3d 1375, 1377 (Fed.Cir.2001).

Next, Younger alleges error in the Board's consideration of the transfer from an eight-hour workday to a nine-hour workday as an accommodation. The Board's opinion, however, makes no such finding. Younger also alleges error in the Board's finding that the agency offered, and he refused, a part-time position. As an initial matter, this finding is not essential to the Board's affirmance of the agency's removal. Furthermore, Younger's allegation of error is premised, in part, on the ineffective assistance of counsel–an allegation which we have no record upon which to evaluate. However, Younger, as a civil client, is bound by both the acts and omissions of chosen counsel. *See Phillips v. U.S. Postal Serv.,* 695 F.2d 1389 (Fed. Cir.1982).

Finally, Younger asserts that the Board erred in failing to apply the Veteran Employment Opportunity Act, the Vietnam Readjustment Assistance Act of 1972, and the Vietnam Readjustment Assistance Act of 1974. While the Board did not apply these statutes, there is no error because these statutes are inapplicable to this case.

We have carefully considered Younger's arguments and conclude that he has not demonstrated that the Board's decision was unsupported by substantial evidence. Additionally, Younger has not persuaded us that we have any other basis to disturb the factual findings of the Board. Finally, Younger does not argue, nor do we find, that the Board's decision was arbitrary or capricious, an abuse of discretion, procedurally deficient, or otherwise not in accordance with law. The decision of the Board is *affirmed.*