64 F.3d 678
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernesto J. RIVERA, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3320.
 United States Court of Appeals, Federal Circuit.
 Aug. 18, 1995.
 
 Before NEWMAN, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Ernesto J. Rivera appeals the final order of the Merit Systems Protection Board (Board), Docket No. SE0831930249-I-1, dismissing his petition for lack of jurisdiction. The dismissal is affirmed.
 
 
 2
 * The Office of Personnel Management denied Mr. Rivera's request for a Civil Service Retirement annuity and affirmed this denial of benefits in a July 1, 1992 reconsideration decision. Apparently Mr. Rivera did not receive a copy of the reconsideration decision until he requested it on February 8, 1993. On March 11, 1993, OPM sent Mr. Rivera a second copy of its July 1, 1992 decision. Mr. Rivera filed an appeal of OPM's denial of benefits with the MSPB on April 19, 1993. Because the appeal was filed after the applicable deadline, 5 C.F.R. Sec. 1201.22(b), the Board informed Mr. Rivera that he had the burden of establishing timeliness or showing good cause for waiver of the time limit. The Board determined that Mr. Rivera did not meet his burden and the appeal was dismissed for untimeliness. Rivera v. Merit Systems Protection Board, No. SE0831930249-I-1 (August 17, 1993). Mr. Rivera did not file a petition for review with the Board and its initial decision became final on September 21, 1993. Mr. Rivera appealed, and this court affirmed the Board's dismissal for untimeliness in an unpublished opinion. Rivera v. Merit Systems Protection Board, 19 F.3d 40 (Fed.Cir.1994) (Table).
 
 B
 
 3
 On October 17, 1994, Mr. Rivera filed a petition for review requesting that the Board reopen and reconsider the August 17, 1993 initial decision. The Board dismissed the petition for lack of jurisdiction, stating:
 
 
 4
 Rather than file a petition with the Board before the initial decision became final on September 21, 1993, [Mr. Rivera] chose to file a petition for judicial review with the United States Court of Appeals for the Federal Circuit. By doing so, he surrendered his right to petition the Board for review, or request reconsideration.
 
 
 5
 On his appeal from this dismissal Mr. Rivera only argues the substantive merits of his request for a retirement annuity. However, the merits are not before us. The Board correctly determined that it had no jurisdiction to review either the merits or the issue of timeliness. Having sought and obtained judicial review of the Board's dismissal, Mr. Rivera cannot relitigate that decision. See Williams v. United States Postal Service, 967 F.2d 577 (Fed.Cir.1992) (The Board lacked jurisdiction to reopen "final and fully adjudicated decision" where petitioner requested review of final Board decision on which all permissible appeals had already been exhausted.)
 
 
 6
 The dismissal of Mr. Rivera's petition for lack of jurisdiction must be affirmed.