NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3087

PAULA K. LUA,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED: May 18, 2006

_____

Before SCHALL, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and DYK, <u>Circuit Judge</u>.

PER CURIAM.

Paula K. Lua seeks review of the decision of the Merit Systems Protection Board ("Board"), which dismissed for lack of jurisdiction her appeal from the United States Postal Service's denial of restoration. We <u>affirm</u>.

BACKGROUND

Lua was employed as a Mail Handler by the United States Postal Service ("the agency"). Lua suffered a work-related injury and as a result, in 1993, the Office of Workers' Compensation Programs ("OWCP") accepted Lua's compensation claim. Lua was then placed in a rehabilitation position as a letter repairer consistent with her physical restrictions.

In December of 1999, Lua was involved in some problematic incidents. First, on December 23, Lua left work to take a co-worker to the hospital, without "clocking out" and without filling out the appropriate leave forms, despite being asked to do so. Then, on December 28, during a meeting about the December 23 incident, Lua failed to follow instructions, interrupted the meeting by praying on the floor, yelled, and "slammed" a notebook on the table which slid across the table and struck another employee. Finally, while being escorted by postal police from the December 28 meeting, Lua made threatening remarks to a postal police officer. On March 3, 2000, the agency issued a notice of emergency suspension and thirty day notice of removal. The removal notice contained three charges based on the aforementioned incidents. On April 8, 2000, the agency terminated Lua. Lua challenged her termination but that appeal was dismissed by the Board.

On September 20, 2000, Lua's OWCP claim for depression, which had been pending for some time, was accepted. However, further treatment for Lua's condition was denied because OWCP determined that there was "no longer any evidence of a connection between the condition and factors of federal employment." App. at 5.

On February 14, 2005, Lua filed a petition with the Board alleging that the agency violated her restoration rights when it refused to restore her to her former position. She alleged that she had fully recovered from a compensable injury (the depression) and that the agency had removed her based on that injury. In an initial decision, the Administrative Judge ("AJ") dismissed the appeal for lack of jurisdiction. The AJ characterized the only issue as being whether Lua "has made a nonfrivolous allegation that her separation was 'solely attributable' to her major depression." App. at 8.

The AJ found that the three December incidents were intervening actions that formed the basis of the agency's three charges which led to the termination, and that Lua was not terminated solely because of a compensable injury. The AJ also found that "[e]ven assuming that [Lua's] condition contributed to, or even caused, the behavior that led to her termination, as the appellant appears to be arguing, it cannot be said that no cause aside from her compensable injury led to her termination." Id. The AJ thus dismissed the appeal for lack of jurisdiction. The full Board denied review. This petition for review followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Butterbaugh v. Dep't of Justice, 336 F.3d 1332, 1336 (Fed. Cir. 2003).

The Board has jurisdiction over a restoration appeal when the petitioner proves by a preponderance of the evidence that (1) she suffered a compensable injury; (2) that her OWCP benefits were terminated because she fully recovered from the injury; and (3) that her separation was substantially related to her injury. See 5 U.S.C. § 8151(b) (2000); 5 C.F.R. § 353.103(b) (2005).

It is the third prong—whether the separation was "substantially related" to her compensable injury—that is in dispute here. To establish that the separation was "substantially related" to the compensable injury, the petitioner must establish that no

cause aside from the compensable injury caused the termination.  New v. Dep't of Veterans Affairs, 142 F.3d 1259, 1264 (Fed. Cir. 1998).

The AJ properly found that Lua failed to establish that no cause aside from her compensable injury caused the termination.  Lua's intervening conduct provided the agency with a sufficient basis for its termination action.  We note that we are skeptical that the AJ is correct in stating that "[e]ven assuming that [Lua's] condition contributed to, or even caused, the behavior that led to her termination . . . it cannot be said that no cause aside from her compensable injury led to her termination." App. at 8.  However, there is no medical evidence in the record suggesting the conclusion that Lua's depression, or the medication she was taking to combat the depression, caused her misconduct.  Williams v. United States Postal Serv., 967 F.2d 577, 578-79 (Fed. Cir. 1992) (finding that this court may affirm a Board's decision on grounds other than those relied upon by the Board).  For the forgoing reasons, we affirm the Board's decision.

No costs.