UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

FOSTER WATKINS, III,
              Appellant,

       v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
AT-0752-14-0399-I-1

DATE: July 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vicki L. Fuller</u>, Redstone Arsenal, Alabama, for the appellant.

<u>Kathryn R. Shelton</u> and <u>Craig A. White</u>, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without a showing of good cause. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    On January 13, 2014, the appellant filed an appeal of the agency's action cancelling his appointment to a Security Guard position under 5 U.S.C. § 3310. Initial Appeal File (IAF), Tab 1.  In an initial decision dated May 13, 2014, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant did not meet the statutory qualifications for the appointment and that the agency's cancellation of the illegal appointment was therefore not an appealable action.  IAF, Tab 8, Initial Decision (ID) at 2-3.  The administrative judge notified the parties that the initial decision would become final on June 17, 2014, unless a petition for review was filed by that date.  ID at 3.

¶3    The appellant filed the instant petition for review on October 4, 2017. Petition for Review (PFR) File, Tab 1.  In the November 3, 2017 acknowledgment letter, the Office of the Clerk of the Board notified the appellant that, because it was unclear whether or not he was attempting file a petition for review of the May 13, 2014 initial decision, it had attempted to contact him by telephone on October 12, October 18, and October 26, and by email on October 26, 2017.  PFR File, Tab 2.  The letter further explained that, because the office was unable to reach him, his submission was being processed as an untimely petition for review. *Id*.  The appellant was provided a "Motion to Accept Filing as Timely or Waive Time Limit" form and advised that the Board might issue an order dismissing his untimely petition if he did not submit the form, an affidavit, or a sworn statement by November 20, 2017.  *Id*.  The appellant filed the required motion on November 21, 2017.[2]  PFR File, Tab 4.

---

[2] In his motion, the appellant requested a 1-day extension because the "[f]ax was down."  PFR File, Tab 4 at 2.  Because we find the appellant's motion does not establish that the petition for review was timely filed or that good cause exists for the untimely filing, we do not address the timeliness of the motion itself.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    A petition for review generally must be filed within 35 days after the date of an issuance of an initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision.  5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing.  5 C.F.R. §§ 1201.12, 1201.114(f).  Here, the initial decision was issued on May 13, 2014, and the appellant does not allege that she received it more than 5 days after its issuance.  Thus, the deadline for filing a petition for review was June 17, 2014, approximately 3½ years before the filing of the appellant's October 4, 2017 petition for review.

¶5    The appellant asserts that the October 4, 2017 pleading was in fact a resubmission of a timely filed petition, and his representative avers in a sworn statement that "a Petition for Review was sent in a timely [manner].  Contact with your office stated that you did not receive.  Thus, the resubmission."  PFR File, Tab 4 at 5.  However, the appellant has not identified the date of the alleged filing or provided any specific, credible evidence that the petition was actually placed in the mail stream or sent by any other method of delivery.  Absent such evidence, there is no basis for finding that the alleged pleading was timely filed. *See Gaydon v. U.S. Postal Service*, 62 M.S.P.R. 198, 202 (1994).

¶6    We further find that the appellant has not established good cause for the 3½-year delay in filing the October 4, 2017 petition for review.  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to

comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7  The appellant's representative explains that "[b]ecause of MSPB having a backlog of cases, the inquiry was not made immediately" into what happened after the Board did not respond to his previous attempted filing. PFR File, Tab 4 at 5. However, the failure of the appellant or his representative to inquire about the alleged initial filing until after more than 3½ years does not demonstrate due diligence or ordinary prudence under the circumstances in this case. *See Williams v. U.S. Postal Service*, 51 M.S.P.R. 186, 188 (1991) (finding the appellant's inaction for over 2 years did not demonstrate due diligence), *aff'd*, 967 F.2d 577 (Fed. Cir. 1992). Therefore, we find that the appellant has failed to show good cause for the untimely filing of the October 14, 2017 petition.

¶8  Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the determination that the Board lacks jurisdiction over the underlying appeal.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. <span style="color:blue">5 U.S.C. § 7703</span>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                  /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.