# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JASON BOYD, | DOCKET NUMBER |
| Appellant, | CH-0752-19-0297-I-5 |
| v. | |
| DEPARTMENT OF THE INTERIOR, | DATE: May 26, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason Boyd, Saginaw, Texas, pro se.

Chen Song and Gregory Eyler, Washington, D.C., for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal under 5 U.S.C. chapter 75. For the reasons discussed below, we DISMISS the petition for review for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a Park Ranger whom the agency removed from service based on various conduct- and attendance-related charges. *Boyd v. Department of the Interior*, MSPB Docket No. CH-0752-19-0297-I-I, Initial Appeal File, Tab 10 at 24-33. The appellant filed a Board appeal, and after a hearing, the administrative judge issued an initial decision sustaining the removal. *Boyd v. Department of the Interior*, MSPB Docket No. CH-0752-19-0297-I-5, Appeal File, Tab 88, Initial Decision (ID). The administrative judge notified the appellant that the initial decision would become the final decision of the Board unless the appellant filed a petition for review no later than February 13, 2024. ID at 51.

After the finality date passed, on March 12, 2024, the appellant filed a request for an extension of time to file his petition, explaining that certain medical conditions and difficulties with the Board's e-Appeal system had prevented him from filing on time. Petition for Review (PFR) File, Tab 1. The Clerk of the Board denied the appellant's request because he did not file it prior to the due date for the filing of a petition for review. PFR File, Tab 2; *see* 5 C.F.R § 1201.114(f).

On April 19, 2024, the appellant filed a petition for review with the U.S. Court of Appeals for the Federal Circuit. *Boyd v. Department of the Interior*, No. 2024-1715 (Fed. Cir. Filed Apr. 19, 2024). On July 30, 2024, the court transferred the appellant's case to the U.S. District Court for the Southern District of Ohio on the basis that it lacks jurisdiction to consider a petition for review of the appellant's mixed-case appeal. *Id.* (order transferring case).

While his district court appeal was still pending, the appellant filed a petition for review with the Board, along with a motion to waive the filing deadline. PFR File, Tabs 3, 7. He states that he is not contesting the initial decision but is instead attempting to obtain written hearing transcripts. PFR File, Tab 7 at 5. The agency has responded to the petition for review, and the appellant has filed a reply (as well as a correction to his reply) to the agency's response. PFR File, Tabs 8-10.

**ANALYSIS**

The appellant filed his petition for review more than 1 year after the deadline for doing so, which raises obvious timeliness implications. *See generally* 5 C.F.R. § 1201.114(e) (providing that a petition for review must generally be filed within 35 days after the initial decision is issued). However, we do not reach the issue of timeliness because the appellant's petition for judicial review divested the Board of jurisdiction over any petition for review that he might subsequently file with the Board. *See Lynch v. Federal Deposit Insurance Corporation*, 60 M.S.P.R. 447, 448-49 (1994); *Weinberger v. Department of the Army*, 55 M.S.P.R. 270, 272-73 (1992). When the appellant petitioned for review with the Federal Circuit, he "surrender[ed] his right to appeal to the Board" and his efforts "to show good cause for 'untimeliness' were irrelevant." *Williams v. U.S. Postal Service*, 967 F.2d 577, 578 (Fed. Cir. 1992) (holding that the appellant surrendered his right to appeal to the Board when he petitioned another agency, the Equal Employment Opportunity Commission, for review); *see Del Marcelle v. Department of the Treasury*, 59 M.S.P.R. 251, 253 (1993) (applying the holding in *Williams* and finding that the appellant's filing with the Federal Circuit divested the Board of jurisdiction). Accordingly, we must dismiss the petition for review for lack of jurisdiction.[2] *See Del Marcelle*, 59 M.S.P.R. at 253.

This is the final order of the Merit Systems Protection Board regarding the Board's jurisdiction to consider the petition for review. The initial decision will remain the final decision of the Board with regard to the merits of the appeal. 5 C.F.R. § 1201.113.

---

[2] Because the Board lacks jurisdiction over the appellant's petition for review, we do not reach whether the administrative judge erred by failing to provide the appellant with complete hearing transcripts pursuant to 5 C.F.R. § 1207.120, and we take no further action on his request.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals

of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

Gina K. Grippando

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.